ADAMS *et al. v.* KEHLOR MILLING Co. *et al.*

(*Circuit Court, E. D. Missouri, E. D.*   October 3, 1888.)

1. CORPORATIONS—INSOLVENCY—PREFERENCES—LIABILITY OF DIRECTORS.
    The directors of a corporation known to be insolvent granted a preference to the estate of a deceased director and president of the corporation. The board, at the time of the preference, consisted of but three persons, two of whom were brothers of the deceased director, and one of whom was agent of the deceased's estate, and voted his stock at corporation meetings. One of the brothers was also a creditor of the estate. *Held,* that the preference was illegal, and that an unsecured judgment creditor of the corporation was entitled to recover of the two directors, brothers of deceased, who had voted for the preference, such percentage of his debt as he would have received if the sum wrongfully paid by way of preference had been divided *pro rata* among all the unsecured creditors, but was not entitled to such recovery against the other director, who was not present at any of the directors' meetings, and did not vote for any of the resolutions whereby the preference was secured.[1]

2. EQUITY—PLEADING—MISTAKE IN RELIEF ASKED.
    That complainants erroneously supposed themselves entitled to relief under a statute, when they were in reality entitled to relief on general equitable grounds, does not justify a dismissal of the bill.

In Equity.   On petition for rehearing.   For former opinion, see 35
Fed. Rep. 433.
    *Mills & Flitcraft*, for complainants.
    *G. B. Burnett* and *Dyer, Lee & Ellis,* for defendants.

THAYER, J.   The matters urged in support of the motion for a rehearing, filed by J. B. M. Kehlor and Duncan M. Kehlor, were fully considered when this case was decided.
    1. It did not appear to the court then or now, that the fact that complainants erroneously supposed themselves to be entitled to relief by reason of the provisions of section 744 of the Revised Statutes of Missouri, when they were in reality entitled to relief on general equitable grounds, as both the complaint and the proof showed, would justify a decree dismissing the bill.   When it appears from the averments of a bill and from the proof that a complainant is entitled to relief, it is immaterial on what ground he predicates his right; whether it be the provisions of a statute or otherwise.   It may be doubtful, however, whether the relief granted in this case was fairly embraced within the prayer of the bill for special relief, and the bill contained no prayer for general relief, as equity rule No. 21 requires.   For these reasons complainant will be permitted to amend the bill in support of the decree, by adding a prayer for general relief.
    2. Respecting the more important question whether the preference granted to the estate of J. C. M. Kehlor, was granted under such circumstances that it can be supported as a valid exercise of power by the directors, it will suffice to say, that after a careful reconsideration of that

[1] See the note to the former report of this case, cited in the opinion, 35 Fed. Rep. 433. See, also, Bernard v. Barney Myroleum Co., (Mass.) 17 N. E. Rep. 887, and note.

question, the court, remains of the opinion heretofore expressed. *Vide Adams* v. *Milling Co.*, 35 Fed. Rep. 434, 435. In addition to the facts previously recited as rendering the preference unlawful, it should be stated that J. B. M. Kehlor, (who, as a director, was instrumental in securing a preference for the estate of J. C. M. Kehlor,) besides being at the time agent for the estate, was also a creditor thereof in the sum of $9,000. He therefore had a personal interest in preferring the claim due to the deceased director and president of the corporation.

3. On further consideration of the fact that defendant H. M. Blossom was not present at any of the directors' meetings, and did not vote for any of the resolutions whereby a preference was secured to the estate of the deceased director, both the circuit judge and myself (as intimated on the hearing of the motion) are of the opinion that he cannot be held liable to account to complainants in the manner heretofore ordered. The decree will accordingly be modified so as to direct the dismissal of the bill as to him, but in all other respects it will be allowed to stand.