## PENNSYLVANIA R. CO. v. PEDRICK et al.

### (District Court, N. D. New York. April 5, 1915.)

**1. CORPORATIONS ☞351—LIABILITY OF OFFICERS—ACTIONS—NATURE AND FORM OF REMEDY.**

Under Stock Corporation Law N. Y. (Consol. Laws, c. 59) § 66, providing that no corporation, which shall have refused to pay any of its notes or other obligations when due, nor any of its officers or directors, shall transfer any of its property to any of its officers or directors for the payment of any debt; that no conveyance or transfer of property of such corporation, nor any payment, etc., when the corporation is insolvent, or its insolvency is imminent, with the intent of giving a preference to any particular creditor, shall be valid; that every person receiving by means of any such prohibited act any property of the corporation shall be bound to account therefor to its creditors, stockholders, or other trustees; and that every director or officer who shall violate or be concerned in violating any provision of that section shall be personally liable to the creditors of the corporation to the full extent of the loss they may respectively sustain by such violation—where the directors and officers of a corporation transferred property to certain of the officers in payment of debts due them, and to other creditors holding notes upon which the officers were indorsers, though the corporation's trustee in bankruptcy might have sued in equity for an accounting and restitution, this was not the only remedy, and a creditor who has suffered or sustained damage from the wrongful transfer could sue the officers and directors participating therein at law for damages.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1492, 1493; Dec. Dig. ☞351.]

**2. CORPORATIONS ☞342—LIABILITY OF OFFICERS—TRANSFERS OF PROPERTY.**

Under Stock Corporation Law N. Y. § 66, officers of an insolvent corporation, who aided and abetted a wrongful transfer of the corporation's property in payment of debts due other officers and directors, and notes on which they were liable as indorsers, were liable equally with those who received a part or the whole of the property as a preferential payment.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1486–1488; Dec. Dig. ☞342.]

**3. CORPORATIONS ☞341—LIABILITY OF OFFICERS—ACTIONS—NATURE AND FORM OF REMEDY.**

That in an action by a creditor of a corporation against its officers and directors for the damages sustained by the creditor from a wrongful transfer of the corporation's property in payment of debts due the officers and directors, and debts for the payment of which they were liable, it would be necessary to prove the amount of assets the corporation had and the amount so misused or misapplied, was not a valid objection to the maintenance of the action by a single creditor, on the theory that it involved an accounting, requiring the action to be brought in equity.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1479–1484; Dec. Dig. ☞341.]

At Law. Action by the Pennsylvania Railroad Company against Charles H. Pedrick, Jr., and others. On application by G. V. Schenck, as trustee in bankruptcy of the Security Steel & Iron Company, for a rule or order staying the further prosecution of the action by plaintiff, and for instructions as to his duty in the premises. Application denied, and trustee instructed.

Hun & Parker, of Albany, N. Y., for plaintiff.

Randall J. Le Boeuf, of Albany, N. Y., for trustee.

RAY, District Judge. Whether this motion should be granted, and whether or not Schenck, as trustee in bankruptcy of the Security Steel & Iron Company, should be a party to this action, depends on the nature and scope of the complaint, and perhaps on the true construction of section 90 of the General Corporation Law of the state of New York, and section 66 of the Stock Corporation Law of said state. These sections read as follows:

"Sec. 90. Action against Officers of Corporation for Misconduct.—An action may be maintained against one or more trustees, directors, managers, or other officers of a corporation, to procure a judgment for the following purposes, or so much thereof as the case requires:

"1. Compelling the defendants to account for their official conduct, including any neglect of or failure to perform their duties, in the management and disposition of the funds and property, committed to their charge.

"2. Compelling them to pay to the corporation, which they represent, or to its creditors, any money, and the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by or through any neglect of or failure to perform or by other violation of their duties.

"3. Suspending a defendant from exercising his office, where it appears that he has abused his trust.

"4. Removing a defendant from his office, upon proof or conviction of misconduct, and directing a new election, to be held by the body or board duly authorized to hold the same, in order to supply the vacancy created by the removal; or, where there is no such body or board, or where all the members thereof are removed, directing the removal to be reported to the governor, who may, with the advice and consent of the senate, fill the vacancies.

"5. Setting aside an alienation of property, made by one or more trustees, directors, managers or other officers of a corporation, contrary to a provision of law, or for a purpose foreign to the lawful business and objects of the corporation, where the alienee knew the purpose of the alienation.

"6. Restraining and preventing such an alienation, where it is threatened, or where there is good reason to apprehend that it will be made.

"7. The court must, upon the application of either party, make an order directing the trial by a jury of the issue of neglect or failure of defendants to perform their duties; and for that purpose the questions to be tried must be prepared and settled as prescribed in section nine hundred and seventy of the code of civil procedure.

"As to any litigation pending prior to September one, nineteen hundred and seven, the provisions of this section as they existed prior to that date shall apply."

"Sec. 66. Prohibited Transfers to Officers or Stockholders.—No corporation which shall have refused to pay any of its notes or other obligations, when due, in lawful money of the United States, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in, cash. No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid, except that laborers' wages for services shall be preferred claims and be entitled to payment before any other creditors out of the corporation assets in excess of valid prior liens or incumbrances. No corporation formed under or subject to the banking, insurance or railroad law shall make any assignment in contemplation of

insolvency. Every person receiving by means of any such prohibited act or deed any property of the corporation shall be bound to account therefor to its creditors or stockholders or other trustees. No stockholder of any such corporation shall make any transfer or assignment of his stock therein to any person in contemplation of its insolvency. Every transfer or assignment or other act done in violation of the foregoing provisions of this section shall be void. No conveyance, assignment or transfer of any property of a corporation formed under or subject to the banking law, exceeding in value one thousand dollars, shall be made by such corporation, or by any officer or director thereof, unless authorized by previous resolution of its board of directors, except promissory notes or other evidences of debt issued or received by the officers of the corporation in the transaction of its ordinary business, and except payments in specie or other current money or in bank bills made by such officers. No such conveyance, assignment or transfer shall be void in the hands of a purchaser for a valuable consideration without notice. Every director or officer of a corporation who shall violate or be concerned in violating any provisions of this section, shall be personally liable to the creditors and stockholders of the corporation of which he shall be director or an officer to the full extent of any loss they may respectively sustain by such violation."

In condensed form, the allegations of the complaint are:

(1) The plaintiff is a corporation of the state of Pennsylvania, and the Security Steel & Iron Company is a New York corporation (now in bankruptcy). From January 13, 1914, to August 12, 1914, each and every of the defendants were directors in said last named corporation. Defendant Charles H. Pedrick, Jr., was president thereof, defendant Burns was its vice president, defendant Cornelius F. Burns was its treasurer, and defendant Cunningham was its secretary.

(2) Between September 23, 1913, and November 26, 1913, the plaintiff corporation sold and delivered to said now bankrupt corporation certain cast iron pipe, for which it agreed to pay plaintiff $18,615.78. Payment was demanded and refused after such sum became due, and thereupon in an action in the Supreme Court of the state of New York, on the 11th day of June, 1914, the plaintiff here recovered judgment against said now bankrupt company on such indebtedness for the sum of $19,503.82. A transcript was filed in Albany county, N. Y., and execution issued and returned wholly unsatisfied. No part of such judgment has been paid.

(3) Prior to April 23, 1914, and continuously thereafter, said now bankrupt corporation was either insolvent or its insolvency was imminent, and this fact was known to each and every of the defendants.

(4) The complaint here sets out certain facts showing such insolvency, the existence of certain notes of said now bankrupt corporation, some held by certain of the defendants, and others by other parties, and also the fact that certain of such notes, in large amounts, were indorsed by certain of the defendants here.

(5) Subdivision 9 of the complaint reads as follows:

"(9) That at some time prior to said April 23, 1914, the defendants, knowing that said Security Steel & Iron Company was insolvent or that its insolvency was imminent, and with the intent of rendering valueless any judgment that the plaintiff herein might obtain in said action against said Security Steel & Iron Company, for eighteen thousand six hundred fifteen dollars and seventy-eight cents ($18,615.78) begun as aforesaid on April 2, 1914, and with the further intent of giving a preference to certain of the creditors of said Security Steel & Iron Company, to wit, to said defendants, Cornelius F. Burns,

James H. Burns, Charles H. Pedrick, Jr., and Richard D. Cunningham, said Security Trust Company, said Manufacturers' National Bank, said Adirondack Trust Company, said Warrensburgh National Bank, said Joseph J. Murphy, said Edgar T. Brackett, and said John F. Cahill, and certain other creditors of said Security Steel & Iron Company, for the most part resident in or near said city of Troy, over all the other creditors of said Security Steel & Iron Company, including the plaintiff herein, and with the further intent of paying the debts of said Security Steel & Iron Company to said defendants Cornelius F. Burns, Charles H. Pedrick, Jr., and Richard D. Cunningham, and of releasing them and the other indorsers on said notes from liability thereon, did conspire and confederate to cause, and did cause, said Security Steel & Iron Company to transfer and divert all of its real property to one John A. Manning, of said city of Troy, and to transfer and divert substantially all of its unincumbered personal property to the defendant James H. Burns, to said John A. Manning, to R. D. Cunningham Company, a New York corporation having its principal business office upon the property of said Security Steel & Iron Company in said village of Green Island, and to the Union National Bank of said city of Troy, by a series of divers instruments, transfers, conveyances, and incumbrances, and did conspire and confederate to cause, and did cause, said Security Steel & Iron Company, to utilize the moneys received from the said transfers and diversions of said real and personal property in making preferential payments to the aforementioned creditors of said Security Steel & Iron Company. That each of the defendants herein was concerned, as hereinafter specifically set forth, as a director or officer of said Security Steel & Iron Company, in the acts and things herein set forth, and that each of said defendants violated thereby the provisions of section 66 of the Stock Corporation Law of the state of New York, being section 66 of chapter 61 of the General Laws of the state of New York enacted in 1909."

(6) The complaint then alleges the adoption by said now bankrupt corporation of certain resolutions to aid in the execution of such conspiracy and the perpetration of such wrongs.

(7) The complaint further alleges the dissipation and transfer of the property of said now bankrupt corporation by defendants and through their connivance to themselves and to others for the purpose of releasing themselves and such persons from liability on their indorsements of notes of the said now bankrupt corporation, and all in aid and execution of the conspiracy, and also to render the said judgment obtained by this plaintiff above-mentioned worthless and uncollectible.

(8) The bankruptcy of said corporation and its adjudication as a bankrupt in November, 1914, is also alleged.

(9) Subdivision 16 of the complaint reads as follows:

"That solely by reason of the acts and things done by the defendants herein in violation of the provisions of said section 66 of the Stock Corporation Law of the state of New York, as hereinbefore set forth, the plaintiff herein has been and still is unable to satisfy either in whole or in part by execution its aforesaid judgment against said Security Steel & Iron Company for nineteen thousand five hundred three dollars and eighty-two cents ($19,503.82), and said judgment has been rendered valueless, and that the plaintiff herein has suffered damage in the entire amount secured to be paid by its said judgment against the Security Steel & Iron Company, to wit, in the sum of nineteen thousand five hundred and three dollars and eighty-two cents ($19,503.82), with interest thereon from the 11th day of June, 1914."

(10) The complaint alleges that the acts charged and alleged were in violation of said section 66 of the Stock Corporation Law.

The complaint demands judgment as follows:

"Wherefore the plaintiff demands judgment against the defendants for said sum of nineteen thousand five hundred and three dollars and eighty-two cents ($19,503.82), together with interest from the said 11th day of June, 1914, together with the costs and disbursements of this action, and such other relief as may be just and proper in the premises."

[1] I think it plain that this is an action at law by the plaintiff to recover the damages sustained by it by reason of the said unlawful and wrongful acts of the defendants committed by them in pursuance and execution of their conspiracy and confederation. Stated in a general way, to unlawfully take the assets and property of the corporation of which such defendants were directors and officers, as stated, and convert them to their own use and to the use of certain other of the creditors of said now bankrupt corporation, who were thereby preferred, all in violation of their duty and of law, and for their own gain and emolument and that of such other favored creditors, all to the damage of the plaintiff Pennsylvania Railroad Company in the sum named. It cannot be doubted that a good cause of action is stated in favor of the plaintiff against these defendants, irrespective of any statute. It is hardly supposable that the officers and directors of a corporation (insolvent) are at liberty, without liability to the creditors of such corporation, to take its assets and convert them to their own use in payment of the debts of the corporation to themselves and a favored few of the creditors, and especially on debts of the corporation where they personally are indorsers.

However, the complaint charges that the acts alleged were in violation of the provisions of said section 66 of the Stock Corporation Law of the state of New York, and it is claimed that such section confers upon an injured creditor a right of action at law to recover the damages sustained by him by reason of such acts, and that it is not necessary to resort to an accounting in an action in equity, and that the remedy is not limited to a discovery and recovery of the assets so wrongfully used or their proceeds.

It must be that there is an implied contract on the part of the directors and officers of a corporation to, at least, use reasonable care and diligence to see to it that the assets of the corporation are not dissipated, or wasted, or misapplied, or applied to payment of their own individual claims against the corporation, when it is insolvent or its insolvency is imminent, and this fact is known to them, in preference to the satisfaction of the claims and demands of other creditors of the corporation, such officers and directors having no priority by law. If such is not the law, then officers of a corporation, including the directors, whose duty it is to use reasonable care and diligence to apply the assets of a corporation to the payment of its just debts and obligations without preference in case of actual or impending insolvency, may create liabilities of the corporation to themselves, the other creditors being ignorant of such action and, in case of actual or impending insolvency, taking advantage of their confidential and trust relations and the knowledge they alone have of actual conditions, use the entire assets of such corporation to pay themselves to the ex-

clusion and great damage of other creditors. Such a condition of the law would be intolerable, even in the absence of a statute forbidding it.

In any event, by section 66 of the Stock Corporation Law it is expressly forbidden that officers and directors of a corporation within its terms shall so act. It is also expressly provided that transfers of the property of the corporation by such officers to themselves in payment of their claims under such conditions and for such purpose shall be void, and that such officers 'who receive such property shall be bound to account therefor to its creditors, or stockholders, or other trustees. That this section gives a right of action in such case to the trustee in bankruptcy of such a corporation cannot reasonably be doubted. Hence it is competent for the trustee in bankruptcy of this corporation to commence and maintain an action against such wrongdoers to compel discovery and restitution, and this, of course, would involve an accounting and make an action in equity the proper and appropriate remedy.

However, in the judgment of this court, this is not the only remedy given to a creditor who has suffered or sustained damage by such forbidden, prohibited, and void or voidable acts. In its concluding paragraph the quoted section provides in express terms that:

. "Every director or officer of a corporation who shall violate or be concerned in violating any provisions of this section shall be personally liable to the creditors and stockholders of the corporation of which he shall be director or an officer to the full extent of any loss they may respectively sustain by such violation."

This is an additional remedy, and one given by this statute directly to the injured creditor. Such injured creditor is not obligated to seek or enforce his remedy through the medium of a creditor's or stockholder's or trustee's action in equity, for an accounting, but may bring his independent suit to recover the damages which he has sustained. The Legislature had the right, which it has exercised, to give as many remedies as it saw fit, and to give a remedy by suit brought by several creditors, or all the creditors, or by stockholders or trustees, and also by a direct action brought by a creditor to recover his damages.

[2] The equitable action for an accounting would seem to be one to reach the specific property or its proceeds, while the other is a direct action to recover judgment for the damages sustained by reason of the wrongful acts of such directors or officers, and may be maintained against an officer or director of such corporation who "was concerned in violating any provision" of such section 66, whether or not he received any of the property of the corporation. Those officers who aid and abet such illegal and prohibited use of the assets of the corporation are equally liable with those who pocket a part or the whole of such assets as a preferential payment.

[3] It was suggested on the argument that the action is necessarily in equity, and that all interested and concerned must be made parties, inasmuch as the damages sustained by an individual creditor who has sustained injury cannot be ascertained without such an accounting. I do not think this is a valid objection to the bringing and maintenance of an action at law by a single creditor. The liability of the wrongdoer

or **wrongdoers** in an action at law for damages in such a case is not limited to the amount of assets of the corporation actually received by him or them. The right of action is against the officers individually. Of course, proof would be required of the amount of assets the corporation had, and of those so misused or misapplied.

Prior to the enactment of statutes in the various states regulating the subject, there was great conflict in the decisions as to the right of a corporation, when insolvent, to give preferences to its officers and directors, who were creditors, by transfers of its property or otherwise. In some states it seems to have become settled that preferences to officers and directors, who were also creditors of the corporation, could be lawfully made. In many others, the contrary was held. However, the great weight of authority was that this could not be done. See note to Lyons-Thomas Hardware Co. et al. v. Perry Stove Mfg. Co. (Texas Case) 22 L. R. A. 802–810, and the numerous cases there cited. See, also, Brown et al. v. Grand Rapids P. F. Co., 58 Fed. 286, 7 C. C. A. 225, 22 L. R. A. 817. In Koehler v. Black River Falls Iron Co., 67 U. S. (2 Black) 715, 17 L. Ed. 339, it was held that directors of a corporation, who by executing a mortgage secured to themselves advantages not common to all the stockholders, were guilty of an unauthorized act, violating their trust. In that case the invalidity of the mortgage was asserted by the corporation itself as being a fraud by the directors on the other stockholders. The Supreme Court said:

"Instead of honestly endeavoring to effect a loan of money, advantageously, for the benefit of the corporation, these directors, in violation of their duty, and in betrayal of their trust, secured their own debts, to the injury of the stockholders and creditors. Directors cannot thus deal with the important interests intrusted to their management. They hold a place of trust, and by accepting the trust are obliged to execute it with fidelity, not for their own benefit, but for the common benefit of the stockholders of the corporation."

In Sicardi v. Keystone Oil Co., 149 Pa. 148, 24 Atl. 163, it was held that the president of an insolvent corporation cannot acquire a preference over other unsecured creditors by accepting on his claim bonds secured by mortgage. In Third National Bank of Buffalo v. Elliott, 42 Hun (N. Y.) 121, it was held that trustees of an insolvent corporation cannot sell its property to themselves, or to any one of their number, nor pay off their own claims against the company in preference to those of other creditors.

It seems reasonably certain that, in enacting section 66 of the Stock Corporation Law, it was intended by the Legislature to prohibit the doing of certain things, make void certain acts and transfers of property, and permit such property to be followed and compel an accounting therefor, and also to provide a remedy by action at law by creditors injured by the commission of such illegal and prohibited acts. The statute makes definite and reasonably certain what the officers and directors of a corporation may not do, and also the remedy that may be applied by injured parties.

Entertaining these views as to the intent and meaning and purpose of the statute, it seems to me clear that the plaintiff, the Pennsylvania Railroad Company, has the right to prosecute this action in its own be-

half and interest against these defendants, and that this court cannot properly enjoin the plaintiff from prosecuting it, or compel the bringing in of other parties. I do not see that it will in any manner seriously interfere with an action in equity brought by the trustee in bankruptcy against the same defendants to compel them to account for the property and assets alleged to have been improperly and illegally received or disposed of by them. If such property is recovered or restored in an action by such trustee, who represents all the creditors, it may or may not affect the right of this plaintiff to recover its damages; but that question is not now before the court. If other actions are brought, based on the same acts, alleged to be void and illegal, it is possible that they may be properly consolidated, or all tried at the same time; but clearly this plaintiff cannot be deprived of its right to bring and prosecute its action at law, even if in the end the courts should arrive at the conclusion that it cannot be maintained at all. I think that Boyd et al. v. Schneider et al., 131 Fed. 223, 65 C. C. A. 209, and Allen v. Luke et al. (C. C.) 141 Fed. 694, while not in point exactly, are illuminative and suggestive.

The language is in substance that every director or officer of the corporation violating any of the provisions of the section, or concerned in a violation, shall be personally liable "to the creditors and stockholders of the corporation of which he shall be a director or an officer to the full extent of any loss they may *respectively* sustain by such violation." Why was the word "respectively" inserted in the clause, if each creditor injured may not maintain an action to recover the loss he has sustained? Must one sue for all who elect to come in? If so, the remedy here is to show that there are other creditors who have sustained loss, and induce them to apply to be made parties. The property dissipated and improperly paid out, or its proceeds when recovered, belongs to the trustee in bankruptcy, but not so a recovery by a creditor, who sues to recover the amount of the loss he has sustained.

It is not necessary to go over the several cases decided under this section 66, as I find no case in point and am not pointed to any. The motion to enjoin and restrain the plaintiff from further prosecuting the action is denied.

If the trustee in bankruptcy is of the opinion he has a strong case for recovery against a responsible defendant, and has funds, it is his duty to prosecute the claim in an action in equity. If not in funds, he should call a meeting of the creditors, or procure one to be called, and abide their decision and instructions, and, if so instructed, bring an action on being furnished funds, or on being properly indemnified. This trustee can exonerate himself from liability by taking this course. Of course he may bring and prosecute his action on the request of a minority of the creditors, in case they properly indemnify him.

There will be an order accordingly.