## CORNELIUS v. C. C. PICTURES, Inc.

(Circuit Court of Appeals, Second Circuit. April 6, 1925.)

No. 345.

1. **Corporations ⊜➞316(1), 545(2)—Giving of chattel mortgage by corporation to officer is viewed with suspicion, and insolvent corporation cannot pay or secure debt to director by mortgage preferring debts to others.**

While generally a director or other officer of a corporation may loan it money and obtain security for the loan by a mortgage, yet giving of such an instrument is viewed with suspicion, and an insolvent corporation cannot pay or secure a pre-existing debt due to a director, by mortgage on corporate assets, in preference to debts due others.

2. **Corporations ⊜➞545(1)—Validity of what insolvent New Jersey corporation did for its president was to be judged by New Jersey statutes.**

Where original bill for appointment of receiver of insolvent New Jersey corporation was pending in United States District Court of that state, and proceedings in this circuit by assignee of unrecorded chattel mortgage to assert lien thereunder affecting certain property of corporation, which mortgage had been assigned to him by original mortgagee, who was the president of the corporation, were ancillary thereto, as were receivers who defended against the claim, validity of mortgage was to be judged by New Jersey statutes.

3. **Corporations ⊜➞566(4)—Chattel mortgage, executed by corporation to secure loan, made to it by its president when it was wholly insolvent, will rank only as a general claim in distribution of corporation's assets.**

Chattel mortgage, executed by corporation to secure loan, made to it by its president, who was active manager of its affairs at a time when it was wholly insolvent, and president knew it, will rank as a general claim only in distribution of corporation's assets, in view of General Corporation Act N. J. § 64, prohibiting officers of an insolvent corporation from selling, conveying, assigning or transferring any of its estate, effects, etc.

4. **Costs ⊜➞238(2)—Disallowance of costs on appeal is proper, where ground of affirmance was not urged below.**

Disallowance of costs on appeal is proper, where the ground on which the decision is affirmed was not urged below.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Harold C. Cornelius against the C. C. Pictures, Inc., wherein Russell G. Cornelius asserted a lien under an unrecorded chattel mortgage affecting defendant's property. From an order disallowing the claim, Russell G. Cornelius appeals. Order affirmed.

See, also, 5 F.(2d) 157.

The bill was brought by a general creditor making the usual allegations of temporary embarrassment on the part of the defendant corporation. A receiver was appointed, defendant turned out to be insolvent, and its property is in process of liquidation and distribution.

Russell G. Cornelius, appellant herein, asserted a lien under an unrecorded chattel mortgage affecting certain property of defendant, which mortgage had been assigned to him by the original mortgagee, his father, the plaintiff herein, who was at and before the time of making the mortgage the president of the defendant.

The chattels mortgaged were the same as those affected by the admittedly prior mortgage of Jacob Wener, and Wener's mortgage has been upheld in this court and its lien allowed. Opinion filed January 5, 1925 (5 F.[2d] 157). The claim of this appellant was disallowed in the court below, and he took appeal.

Finis E. Montgomery, of New York City, for appellant.

Walter D. Wile, of New York City, for receivers of defendant.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). If Cornelius had been ·a stranger to the defendant corporation, as was Wener, no reason appears why our decision in Wener's Case, supra, should not govern. But Cornelius was not a stranger. He was

the president of the corporation and the active manager of its affairs. The evidence is persuasive, and we find that at and before the time this mortgage was given the defendant corporation was wholly insolvent, and Cornelius, the president, knew it.

In this condition of affairs he advanced (according to the view of the facts most favorable to appellant) $14,000 to the defendant corporation before the execution or delivery of the mortgage. The mortgage was then given inter alia "to secure the prompt payment at maturity of any other loans the company may obtain, on which loans Cornelius may be contingently or primarily liable." He subsequently advanced other moneys on, as may be assumed, the faith of the above-quoted clause in the mortgage.

There is no evidence showing or tending to show that Cornelius did believe, or had any reason to believe, that the defendant corporation would pull through, or that he could rehabilitate it.

[1] As matter of general law, we incline to think that this action cannot be sustained so as to give to Cornelius, by virtue of his mortgage, a preferential lien upon defendant's assets. While it is generally true that a director or other officer of a corporation may loan it money and obtain security for the loan by a mortgage, yet the giving of such an instrument is "viewed with suspicion, but is legal when perfectly free from actual fraud." Cook Corp. § 692, citing Twin Lick Co. v. Marbury, 91 U. S. 587, 23 L. Ed. 328. But, continues the learned author, "where the corporation is insolvent, an entirely different question arises. The weight of authority clearly and wisely holds that an insolvent corporation cannot pay or secure a pre-existing debt due to a director in preference to debts due others, either by transferring property or cash to him, or by giving him a mortgage on the corporate assets." To the same effect, with very numerous citations, is C. J. vol. 14A, p. 901, thus: "By the great weight of authority, where the corporation is insolvent or has reached such condition that its directors or officers see that they must deal with its assets in the view of its probable suspension, they cannot use those assets to prefer themselves as creditors or sureties in respect to past advances to the prejudice of general creditors."

[2] It is not, however, necessary to apply, or seek to apply, the rules evolved by courts of equity without the aid of statutes to this situation, because this defendant is a corporation of New Jersey. The original bill is pending in the United States District Court for that state, and the proceedings in this circuit are ancillary thereto, and so are the receivers who defend against Cornelius' claim.

Under such circumstances the validity or invalidity of what the corporation did in favor of its president, Cornelius, must be judged by New Jersey statutes, and section 64 of the General Corporation Act of that state (Comp. St. 1910, p. 1638) declares that

"Whenever any corporation shall become insolvent * * * neither the directors nor any officer or agent of the corporation shall sell, convey, assign or transfer any of its estate, effects, choses in action, goods, chattels, rights or credits, lands or tenements" (with a proviso in favor of "any person without notice of such insolvency" who is a bona fide purchaser for a valuable consideration).

[3] This statute has been repeatedly construed by the courts of New Jersey, and it is sufficient to refer to one of the latest rulings (Hoover, etc., Co. v. Schafer, etc., Co., 89 N. J. Eq. 478, 106 A. 36), showing that, had Cornelius, the president, been a stranger to the defendant in the sense of not being an officer of any kind, his mortgage would have been invalidated by the statute because of his personal knowledge of the company's insolvency.

[4] It follows that the claim now owned by the appellant can rank as a general claim only, and the result reached by the court below was right. The ground on which we place decision not having been urged in the court below, there will be no costs in this court.