## In re BERNARD.
### No. 237.

Circuit Court of Appeals, Second Circuit.
Feb. 1, 1937.

CHASE, Circuit Judge, dissenting.

———◆———

Bregman & Bregman, of New York City (Harry Malter and Herman Levenson, both of New York City, of counsel), for bankrupt-appellant Barnett Bernard.

Samuel Sobel, of New York City (Nathan Weinstein and Isidore L. Weishar, both of New York City, of counsel), for creditor-appellee New York Credit Men's Association.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

New York Credit Men's Association, the above-named creditor, was assignee for the benefit of creditors of Yale Garment Company, Inc., a corporation of which the bankrupt Barnett Bernard and his son Arthur Bernard were both directors and of which Barnett Bernard was also the president and Arthur Bernard was the secretary. On June 24, 1936, New York Credit Men's Association, as assignee of Yale Garment Company, recovered a judgment in the New York Supreme Court against Arthur Bernard in the sum of $927.79, and

against Barnett Bernard in the sum of $1,-112.16, in which it was provided that, if the judgment against Arthur Bernard should be collected, that against Barnett Bernard should be reduced accordingly.

The complaint in the action by New York Credit Men's Association contained five counts. The first was against Arthur Bernard and alleged that, when Yale Garment Company was insolvent, and Barnett Bernard was president and director, it transferred sums totalling $927.79 to Arthur Bernard, secretary and a director, without receiving any consideration therefor and with the intent to prefer Arthur Bernard, and that the latter knew of such insolvency and intent. The second cause of action was also against Arthur Bernard. It contained the same allegations as the first, except that it did not allege lack of consideration, but specified that $927.79 was transferred for payment of an alleged claim of Arthur Bernard. The third cause of action was against Barnett Bernard. It reiterated the allegations in the first two counts and stated that Barnett as president of the Yale Garment Company signed the checks transferring the $927.79 to Arthur and thereby was concerned in the transfers in violation of. section 15 of the New York Stock Corporation Law (Consol.Laws, c. 59), but did not in terms allege that Barnett knew of the insolvency. The fourth cause of action was against Barnett. It alleged transfers to him by Yale Garment Company, when insolvent, of sums totalling $684.09, without consideration and with intent to prefer him; also that he knew of such insolvency and intent. The fifth cause of action also against Barnett omitted the allegation of a transfer without consideration, but contained the other allegations of the fourth count and added an allegation that the transfer was in payment of a claim of Barnett. Each cause of action alleged violation of section 15 of the New York Stock Corporation Law. The judgment entered upon such a complaint as the foregoing necessarily involved a decision that, when Barnett Bernard received the $184.37 with which he was primarily charged, he either received it without furnishing any consideration, when knowing that the corporation was insolvent as alleged in the fourth count, or when knowing of the insolvency and of the intent of the corporation to prefer his claim as alleged in the fifth count. His secondary liability under the judgment

for $927.79 transferred to his son Arthur must rest on the third count, which alleged that Bernard signed the checks whereby the transfers·to Arthur were effected, but did not allege that he knew that the corporation was insolvent. But the judgment against him for the transfers to his son was apparently ·rendered for violation of section·15 of the New York Stock Corporation Law, and therefore must have been based on the latter portion of that section which holds every director or officer liable to the creditors who "shall be concerned in the making of any * * * transfer or payment * * * by such corporation when it is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over any of the other creditors." He evidently could not have been held under ˙section 15 for being "concerned" in a transfer with intent to prefer unless he had reason to believe the corporation was insolvent, for only under those circumstances would a preference be effected.

The District Court held that the ex parte order which had been made restraining the New York Credit Men's Association from enforcing its judgment except in the bankruptcy proceeding should be vacated for the reason that the debt of Barnett to Yale Garment Company embodied in the judgment was, under section 17a, subds. 2 and 4, of the Bankruptcy Act (11 ·U.S.C.A. § 35 (2, 4), not dischargeable because it was a liability for "willful and malicious injuries to the * * * property of another," and was likewise a liability "created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity." We agree with the result reached by the court below, even if the debt was not a liability arising from "willful and malicious injuries to the * * * property of another," for in any event it was a liability arising from a "misappropriation" by Barnett "while acting as an officer" of the Yale Garment Company. Inasmuch as he intended to take a preference for himself and to obtain one for his son, he inevitably must have been chargeable with knowledge that the corporation was insolvent. Under such circumstances, he knowingly secured for himself an advantage at the expense of the other creditors and by signing checks of the corporation to make payment of the claims of his son who was another officer enabled the latter to take a similar advan-

tage over the corporation to which both owed fiduciary duties. This was not only unlawful under section 15 of the New York Stock Corporation Law, but also under general doctrines of equity. Cornelius v. C. C. Pictures, Inc., 7 F.(2d) 308, 309 (C.C.A.2); Pennsylvania R. Co. v. Pedrick, 222 F. 75, 79 (D.C.); Adams v. Kehlor Milling Co., 35 F. 433 (C.C.); Adams v. Kehlor Milling Co., 36 F. 212 (C. C.); Joseph v. Raff, 82 App.Div. 47, 49, 81 N.Y.S. 546, affirmed 176 N.Y. 611, 68 N.E. 1118; Third National Bank v. Elliott, 42 Hun, 121, 129, affirmed 114 N.Y. 622, 21 N. E. 416; Tatum v. Leigh, 136 Ga. 791, 72 S.E. 236, Ann.Cas.1912D, 216; Banks v. Corning Bank & Trust Co., 188 Ark. 841, 68 S.W.(2d) 452, 28 A.B.R.(N.S.) 744; Savage v. Miller, 56 N.J.Eq. 432, 36 A. 578, 39 A. 665.

In the case at bar we have a situation where a director and president, knowing a corporation to be insolvent, has appropriated part of its assets to liquidate his own claims and those of his son who was another officer. It was his duty not to use his position as a fiduciary for his own benefit and also not to co-operate with his son, another fiduciary, to benefit the latter at the expense of the creditors. Therefore he has not only acted in violation of section 15 of the Stock Corporation Law but contrary to his fiduciary obligations at common law. In Tatum v. Leigh, 136 Ga. 791, 72 S.E. 236, Ann.Cas.1912D, 216, the Supreme Court of Georgia held that officers of an insolvent corporation who had applied its assets in payment of their individual claims could not plead a discharge in bankruptcy as a defense to a cause of action founded upon such payments because they constituted a "misappropriation" of corporate funds within the meaning of section 17a (4) of the Bankruptcy Act (11 U.S.C.A. § 35 (4), so that this indebtedness was not dischargeable. Cf. In re Gulick (D.C.) 186 F. 350. Applying the same principle, the Supreme Court of Arkansas in Banks v. Corning Bank & Trust Co., 188 Ark. 841, 68 S.W.(2d) 452, 28 A. B.R.(N.S.) 744, held that a judgment against a director for joining in a corporate resolution which resulted in declaring and paying a dividend to stockholders when the corporation was insolvent was not a dischargeable debt.

We are not saying that a payment by an officer of his own claim, or that of another officer, or his participation in the declaration of an unlawful dividend by a corporation, would give rise to a nondischargeable debt in cases where the officer was not aware of the insolvent condition of the company, nor are we suggesting that a preferential transfer to an ordinary creditor would have that effect. Section 17a (4) places liabilities "created by his fraud, embezzlement, misappropriation, or defalcation" in the same clause. Such a collocation under the rule of "ejusdem generis" indicates that the misappropriation must be due to a known breach of the duty, and not to mere negligence or mistake. But in the present case the complaint and judgment of the state court indicate that the bankrupt brought about the payments when he knew that the corporation was insolvent and that the interests of other creditors would be sacrificed for the benefit of its fiduciaries. This, in our opinion, was a "misappropriation" within the meaning of the Bankruptcy Act and the indebtedness to the corporation which arose from it was not dischargeable. Tatum v. Leigh, 136 Ga. 791, 72 S.E. 236, Ann.Cas.1912D, 216. Accordingly the order of the District Court was right and is affirmed.

CHASE, Circuit Judge (dissenting).

This appeal is from an order granting the motion of a creditor to vacate in part the usual ex parte order staying actions against the bankrupt and should be kept in force until he has had a reasonable opportunity to obtain his discharge unless the debt due the appellee is clearly not dischargeable. While the Bankruptcy Act defines in general terms what debts are discharged and what are not, whether the judgment of the state court here involved is in its nature included within or excluded from the scope of dischargeability in bankruptcy is a question which should ordinarily be decided first by the court in which the judgment was obtained and is enforceable. The state court is bound, when the discharge is properly brought to its attention, to give due consideration to the effect the Bankruptcy Act gives it. Hill v. Harding, 107 U.S. 631, 2 S.Ct. 404, 27 L.Ed. 493. And, if it errs in so doing, the error may be corrected by the Supreme Court. Dimock v. Revere Copper Company, 117 U.S. 559, 6 S.Ct. 855, 29 L.Ed. 994.

It may be that my brothers are right in their concept of the nature of the state court judgment, but I think that not so

plain as to justify holding in effect that the matter is not even debatable.

If, as I think, there is a fair doubt on that score, it should now be resolved in favor of the bankrupt and the order reversed. In re Bernard, 280 F. 715 (C. C. A.2).