ANGELLETTI *v.* ANGELLETTI.

4-7867                                        193 S. W. 2d 330

Opinion delivered April 1, 1946.

ED. F. McFADDIN, Justice.    This appeal challenges
that portion of a divorce decree concerning alimony and
property rights.

Joe Angelletti is 57 years of age, and is totally blind.
Appellant, Ethel Angelletti, is several years younger.
The parties were married in March, 1944.    They sepa-
rated in July, 1945; and shortly thereafter appellee filed
suit for divorce on the grounds of indignities.  Appellant
filed answer and cross-complaint.    Upon a trial, with
the parties and witnesses before the court, a decree was
entered:    (a) awarding appellant (Ethel Angelletti) a
divorce; (b) vesting in her the title to certain property
in Greenwood, Arkansas, subject to appellee's lien for
$100; and (c) allowing appellant an attorney's fee of
$50 and all court costs.

The appellant is satisfied with the divorce; but in this court complains: (a) because she received no permanent alimony; (b) because a $100 lien was decreed against the Greenwood property; and (c) because she received no interest in other real property of appellee. There is no cross-appeal. We discuss appellant's contentions.

I. *Alimony.* The awarding or refusing of alimony rests in the sound discretion of the court as determined by the facts in each case. Some of our cases so holding are: *Upchurch* v. *Upchurch,* 196 Ark. 324, 117 S. W. 2d 399; *Guier* v. *Guier,* 200 Ark. 552, 139 S. W. 2d 694; *Lewis* v. *Lewis,* 202 Ark. 740, 151 S. W. 2d 998. In the case at bar, the appellee has been totally blind for 25 years, and has exhausted nearly all of his means in an unsuccessful effort to regain his sight. The evidence shows that his only income is $43 per month, received as rent from a building in Fort Smith. From this $43, appellee has to pay taxes, make monthly payments on the mortgage, and then support himself with whatever remains. Not only is he blind, but he is afflicted with heart trouble and hypertension. On the other hand, appellant is younger and more active, and far more capable of earning her living than appellee is of contributing to her support. In view of these facts, we cannot say that the chancery court abused its discretion in refusing to award the appellant permanent alimony.

II. *The Lien for $100.* By a previous marriage Mrs. Angelletti had received a dower or homestead interest in some property. Joe Angelletti paid the other claimants to this property $100 for a deed of their interests. Then in September, 1944, Joe and Ethel Angelletti sold this property and reinvested the entire proceeds in a lot in Greenwood described as: "25 feet off of the west end of lot ten in block five original donation to Greenwood." The deed was taken in the name of Joe Angelletti. We refer to this last-described property as the "Greenwood property." The trial court awarded this Greenwood property to Mrs. Angelletti in fee, subject to Joe Angelletti's lien of $100. We think the court was correct in decreeing the lien. Joe Angelletti had expended that

amount in increasing Mrs. Angelletti's title in the first property from a mere homestead to a fee simple; and thus enabled the sale thereof, and subsequent acquisition of the Greenwood property. There is no testimony to indicate that the $100 was intended as a gift; and the legal presumption, of a gift of the $100 to Mrs. Angelletti as the wife, is overcome by the fact that the deed to the Greenwood property was taken in Joe Angelletti's name. Therefore cases like *Carpenter* v. *Gibson,* 104 Ark. 32, 148 S. W. 508, have no similarity to the facts in the case at bar.

III. *Interest in Other Real Property of Appellee.* Appellant claims that Joe Angelletti had property in Fort Smith that rented for $43 per month, and that appellant was entitled to an interest in this property under § 4393, Pope's Digest, which reads in part: ". . . and the wife so granted a divorce against the husband shall be entitled to . . . one-third of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form, and every such final order or judgment shall designate the specific property both real and personal, to which such wife is entitled."

The answer to the appellant's contention is found in the facts: (a) that she did not in her pleadings ask for any such interest to be ascertained and allowed; and (b) at the conclusion of the evidence, when the decree was rendered, she did not make any such claim to the trial court on which to predicate an assignment of error in this court. In short, she is raising this issue in this court, for the first time.

The only pleading filed by Mrs. Angelletti was an answer and cross-complaint. The prayer of that pleading was: "Wherefore, the defendant prays that the plaintiff's complaint be dismissed, that she be granted a divorce and awarded a reasonable alimony, and also, the 25 feet off of the west end of lot ten, block five of the

original donation to the Town of Greenwood, Arkansas, court costs, attorney fees and all other proper relief.''

At the conclusion of the evidence, there occurred a colloquy between the court and appellant's counsel: ''The Court: What is involved here besides the divorce? Are there property rights involved? Mr. Johnson: Yes, sir, we ask for attorney's fees and alimony against this plaintiff and—— The Court: Anything else? Mr. Johnson: We filed a cross-complaint for divorce on the grounds of indignities, . . . The Court: I am asking what you are claiming in regard to the property? Mr. Johnson: We claim the property was bought by her money and she is entitled to it. . . .'' This answer related to the Greenwood property. Then, after the court had announced the decree as previously mentioned in this opinion, appellant's counsel said: ''I don't think we are satisfied. I think we are entitled to alimony against this man. This woman spent a year taking care of him under circumstances that were very adverse. She endured his abuse and took care of him for a year.''

It is thus clear that the appellant never asked the chancery court to award her any interest in the Fort Smith property of the appellee. The appellant did not even mention to the chancery court that she was expecting an interest in the property, and this claimed interest is asserted in this court for the first time. Issues not presented in the trial court cannot be raised for the first time on appeal. In *Banks* v. *Corning Bank,* 188 Ark. 841, 68 S. W. 2d 452, Mr. Justice MEHAFFY, speaking for this court, said of an appellant's contention made—for the first time—on appeal:

''. . . This question was not before the lower court, and therefore cannot be considered by us.

'' 'The authorities are agreed on the proposition that the case on appeal must be decided on the same theory on which it was tried in the court below. Thus issues, which were treated in the lower court by the appellant as not involved, cannot be raised on appeal.' 2 R. C. L. 183.

" 'The rule that questions not raised in the lower court will not be considered on appeal generally prevents a party from obtaining on appeal relief which was not asked for in the court below. . . .' 3 C. J. 694.''

In *Gulley* v. *Budd, ante,* p. 23, 189 S. W. 2d 385, we quoted from *Mo. Pac. R. R. Co.* v. *J. W. Myers Comm. Co.,* 196 Ark. 976, 120 S. W. 2d 693, as follows:

" 'This court has frequently held that no issue can be raised in this court which was not raised in the trial court; and since appellant's present contention was not raised in the trial court, as we have herein pointed out, we believe the relief it is now asking on appeal should be denied. *Bolen* v. *Farmers' Bonded Warehouse,* 172 Ark. 975, 291 S. W. 62; *Leonard* v. *Luther,* 185 Ark. 572, 48 S. W. 2d 242; *Banks* v. *Corning Bank & Trust Co.,* 188 Ark. 841, 68 S. W. 2d 452; *Id.,* 292 U. S. 653, 54 S. Ct. 863, 78 L. Ed. 1502; *Illinois Bankers' Life Assurance Co.* v. *Lane,* 189 Ark. 261, 71 S. W. 2d 189.' "

Appellant cites *Hegwood* v. *Hegwood,* 133 Ark. 160, 202 S. W. 35, to sustain her contention that the court should have awarded her an interest in the Fort Smith property, even though she did not ask for the property interest, and did not describe it in any of the pleadings, and did not have it described in any of the evidence. The cited case does not go to the extent claimed by appellant. In the cited case the wife was awarded a divorce and the court awarded the wife an interest in the lands. This court held that the decree of the trial court should be affirmed, stating that the decree for divorce draws to the court the power to ascertain the description of the husband's property. Such a holding is far short of the appellant's contention in the case at bar, which is to the effect that an interest in real estate should be allowed by the Supreme Court even when it was not asked in the lower court. We find no case that goes to that extreme

The decree of the chancery court is affirmed.