**In re Susie B. STALNAKER, Debtor.**

**Lois S. PRICE, Plaintiff,**

v.

**Susie B. PRICE a/k/a Susie B. Stalnaker, Defendant.**

Bankruptcy No. 81–02140–BKC–TCB.

Adv. No. 82–0163–BKC–TCB–A.

United States Bankruptcy Court, S. D. Florida.

April 7, 1982.

Francis T. Ryan, N. Palm Beach, Fla., for defendant/debtor.

Barry L. Meadow, Miami, Fla., for plaintiff.

Henry Angel, Atlanta, Ga., for creditor.

Robert E. Oglesby, West Palm Beach, Fla., trustee for Estate of T. Price.

### MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff seeks exception from discharge under 11 U.S.C. § 523(a)(2) and (4). The debtor has answered. The matter was tried before me on March 30.

The facts are undisputed. The debtor admits every allegation of the complaint and plaintiff admits the facts alleged by the debtor in her affirmative defense.

Plaintiff's father died in 1978. The debtor was named personal representative to administer a wrongful death act recovery. The State probate court entered judgment for plaintiff and against the debtor on March 20, 1981 in the sum of $13,757.70, finding that the debtor was guilty of:

"willful payment of approximately $43,-000 in violation of this Court's Order dated November 9, 1980 . . .".

That sum included $9,000 due and payable to plaintiff. The court also found plaintiff was entitled under § 733.106 and § 733.609, Florida Statutes, to her reasonable costs and fees of $4,757.70, which sums comprise the balance of the judgment she received.

The debtor's affirmative defense is that she used the diverted funds to pay the decedent's debts and not to benefit the debtor.

There is no basis here for exception under § 523(a)(2), which requires proof that the debtor obtained money by false pretenses, a false representation, or actual fraud as distinct from a constructive fraud. 3 *Collier on Bankruptcy* (15th ed.) § 523.08.

Section 523(a)(4) excepts from discharge debts:

". . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . .".

There is no evidence here of the criminal intent essential to either embezzlement or larceny. It is clear, however, that this debt arose from the debtor's defalcation while acting in a fiduciary capacity. Ibid. § 523.14[1].

In *Central Hanover Bank & Trust Co. v. Herbst*, 2 Cir. 1937, 93 F.2d 510, under the provision from which this subsection was derived, Judge Hand said:

"Colloquially perhaps the word, 'defalcation,' ordinarily implies some moral dereliction, but in this context it may have included innocent defaults, so as to include all fiduciaries who for any reason were short in their accounts . . . . We do not hold that no possible deficiency in a fiduciary's accounts is dischargeable; in *In re Bernard*, 33 Am.B.R. (N.S.) 218, 87

F.2d 705, 707, we said that 'the misappropriation must be due to a known breach of duty, and not to mere negligence or mistake.' Although that word probably carries a larger implication of misconduct than 'defalcation', 'defalcation' may demand some portion of misconduct; we will assume *arguendo* that it does. All we decide is that when a fiduciary takes money upon a conditional authority which may be invoked and knows at the time it may, he is guilty of a 'defalcation' though it may not be 'fraud,' or an 'embezzlement,' or perhaps not even a 'misappropriation.' "

To establish a defalcation, the plaintiff is not required to prove that the fiduciary derived a personal benefit from the diversion of the estate or that there was any criminal intent. She need prove only that the diversion was unauthorized and intentional. This much is admitted in this case.

It follows that plaintiff is entitled to a judgment excepting from discharge her claim which was fixed by a State court judgment dated March 20, 1981 in the sum of $13,757.70.

Costs may be taxed on motion.