PARAGOULD SOUTHEASTERN RAILWAY COMPANY v. CRUNK.

Opinion delivered December 3, 1906.

RAILROAD—STOCKKILLING—NEGLIGENCE.—While ordinary care does not generally require a train to be stopped in order to avoid injury to stock on the track, there may be facts which make it its duty to stop to avoid an injury which would otherwise occur.

Appeal from Greene Circuit Court; *Allen Hughes,* Judge; affirmed.

Appellee's horse was on appellant's track, and, being frightened by an approaching train, ran into a trestle, and was injured. There was evidence tending to prove that the train could have been stopped in time to have avoided frightening the horse. The jury found that appellant was guilty of negligence, and judgment was rendered accordingly, from which appellant had appealed.

*S. H. West* and *J. D. Block,* for appellant.

1. A railway company is only required to use ordinary care to avoid injuring stock after it is discovered on its track. And the proof is clear and convincing that appellant's servants did all that could have been done to avoid the injury, except to bring the train to a full stop. No such duty is imposed upon the company. 36 Ark. 607; 37 Ark. 593; 57 Ark. 18.

2. It appearing by the evidence that the legal title to the horse was in Breckenridge, he could not be substituted or made a party plaintiff, so as to give him a cause of action which did not exist at the bringing of the suit.

*Johnson & Huddleston,* for appellee.

1. There was evidence before the jury which, if believed by them, warranted the conclusion that after the first effort to frighten the horse from the track no further effort was made.

2. If appellant objected to the court's instruction, it should have pointed out to the court in what respect it was objectionable. It can not object here for the first time on a mere exception in gross below.   65 Ark. 255; 70 Ark. 141.

3. Breckenridge, having a mortgage on the horse, was properly made a party plaintiff. Kirby's Digest, § 6776; 12 S. W. 720.   Whatever objection appellant might have had to the bringing of the suit in the name of Crunk was waived by its attorney telling Breckenridge before the suit was brought that it made no difference.

HILL, C. J.   The principal question in this case is the correctness of this instruction:

You are instructed that if you find from the evidence, that plaintiff's horse was run into a trestle or culvert by a train on defendant's road and injured, and if you further find, from all the facts and circumstances in proof in the case, that the trainmen in charge of the train could have foreseen, as a natural or probable consequence of not stopping the train, that the horse would attempt to go on the trestle or culvert and be injured, then it was the duty of the trainmen to stop the train in order to avert the injury to the horse; and if they failed to do so, they would be guilty of negligence, and plaintiff would be entitled to recover."

This court said in *Railway Company* v. *Ferguson*, 57 Ark. 18: "But appellant did owe the appellee the duty, when it discovered his colt upon its track, to use ordinary or reasonable care to avoid injury to it by running its train against it, or by frightening and driving it by unnecessary alarms against the wire fence." (Citing authorities.)   That principle controls here.   Generally speaking, ordinary or reasonable care does not require a train to be stopped in order to avoid injury to stock on the track; but there may be facts which make the stoppage only ordinary care to avoid the injury which would otherwise occur, and there were sufficient facts in this case to send that question to the jury.

The other matters presented have been considered, but no error is found.

Affirmed.