EMINENT HOUSEHOLD OF COLUMBIAN WOODMEN *v.* GAUNT.

### Opinion delivered April 23, 1917.

INSURANCE—FRATERNAL INSURANCE—WAIVER OF PROOF OF INJURY.— Proof of injury, under a benefit policy requiring proof to be made upon blanks furnished by the order, *held* waived by the conduct of the officers of the insurance order.

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; affirmed.

*N. A. McDaniel,* for appellant.

1. The arm was not broken and no proof of loss or injury was made as required by the provisions of the policy. 123 Ind. 544; 24 N. E. 221; 7 L. R. A. 339.

2. There was error in the instructions given. 27 Ill. 324; 163 Ky. 146; 42 Okla. 98.

*J. S. Utley* and *W. T. Tucker,* for appellee.

1. The jury found that the arm was broken. This is conclusive. 70 Ark. 513; 64 *Id.* 236

2. The provision as to proof of injury was substantially complied with and formal proof was waived. 51 Vt. 520; 108 Ind. 270; 115 N. Y. 506; 145 Mass. 134; 160 N. W. 266.

3. There is no error in the instructions. *Supra.*

SMITH, J. Appellee was the holder of a beneficiary certificate in the appellant company, which contained a covenant that he should receive the sum of $200 if he should sustain a broken arm, the payment to be made upon satisfactory proof to the order that the injury had been sustained. The constitution and by-laws of the order, which, by stipulation contained in the beneficiary certificate, became a part of the certificate, provided that, in case a member was injured, the clerk and banker of the local lodge, called Household, should investigate and promptly report the date and cause of disability, and that the eminent clerk of the order should send to the clerk of the Household the proof forms prescribed by the order, upon which the beneficiary or member should make proof of the claim for which he was demanding compensation, and that no proof should be considered, and no claims allowed, upon any proof not supplied on such form.

The appellant company defended the suit against it on two grounds, first, that appellee had not sustained a broken arm, and, second, that he had not made the required proof of his alleged injury.

Appellee testified that, while cutting willows with a hand-axe, his foot slipped, and he fell across a willow

and broke his arm; that his arm became swollen and painful, and his fingers stiffened, and he went to a doctor, who placed the arm in splints for two weeks or more. That about five days after his injury, he went to a Mr. Perry, whom he described as "their head man here," and asked him about the claim, and was told by Mr. Perry that he would look after it for appellee. Mr. Perry was not, in fact, the clerk and banker of the local Household, but his wife held that office. It was shown, however, that he performed in part, at least, the duties of this office for his wife. The duty of notifying the proper officers of the company was evidently performed, for, on September 10 thereafter, the medical director of the company, whose offices were in Atlanta, Georgia, wrote appellee in regard to his alleged injury, and advised him that the constitution of the order entitled the company to require an x-ray photograph of the claimant, and, pursuant to this authority, directed appellee to report for that purpose to the office of Doctor Zell in Little Rock. The letter promised to pay appellee's railroad fare and hotel bill, but these expenses were never paid. Pursuant to these directions, appellee reported to Doctor Zell, who made the required x-ray picture, and reported to the company that appellee's arm was not broken, and Doctor Zell testified at the trial that the picture made by him did not show any fracture of the bone. The company never furnished any blanks for the purpose of making proof of injury, nor did it make any request of appellee, except to report to Doctor Zell for examination.

In support of the allegation of injury, appellee's physician testified that the arm was broken, and that this condition was revealed, not only by the touch, but that a grating sound could be heard, and the nurse corroborated him in both statements.

Appellant discusses in its brief the authority of Mr. Perry, and the failure to furnish proofs on the blanks of the company as required by the constitution and by-laws, and complains of the action of the court in refusing

to submit these questions to the jury. The court gave, at appellee's request, and over appellant's objection, an instruction which reads as follows:

"If you believe from the evidence in this case that one of the bones of the forearm, that is, the arm between the elbow and wrist, was completely fractured, that is, broken in two, then you are instructed that, within the meaning of the policy sued on in this case, plaintiff suf‚ fered a broken arm, and your verdict should be for him in the sum of $200."

It is apparent that this instruction excludes from the jury any consideration of the question of the failure to give notice, although other instructions given did submit that question, and, in testing its correctness, we must decide whether the question of notice had passed out of the case. It is conceded that the company was entitled to notice, and had the right to demand, as a condition precedent to payment of any claim, that proof of this claim be made upon the blanks provided for that purpose. But it is undisputed that appellee, the insured, had, in good faith, promptly done what he intended as a full compliance with the requirement of the order in making proof of his injury. It may be true that he should have reported his injury to Mrs. Perry, rather than to her husband, but that fact is immaterial. It does not appear whether Mr. Perry or Mrs. Perry performed the duty resting upon Mrs. Perry of communicating the claim to the investigating officers of the order; but that duty was performed, if not by Mrs. Perry, then by Mr. Perry for her, and no complaint was made by the company of the manner in which it had received the required information. Acting upon this information, the medical director took the action which the notice from Mrs. Perry would have required him to take in the discharge of his duties as medical director in the examination of this claim. He wrote appellee that the by-laws required an x-ray picture, and directed him to report to Doctor Zell for that purpose. Appellee obeyed this direction promptly, and

sustained a loss of time and incurred a substantial expense in following this direction. This examination by Doctor Zell furnished the company all the information it required. The company had the right to require formal proof on blanks to be furnished for that purpose, but it was the duty of the company to furnish the blanks, and it did not do so. This formal proof could have been furnished only on the blanks of the company, and as it did not furnish them for that purpose, it can not now complain of its own omission to demand a form of proof which it could have secured only by doing something which it failed to do. Apparently, it relied upon the report of Doctor Zell, and, while no formal denial of liability was made, the company elected to pursue its inquiry no further, although it must necessarily have known that appellee was insisting upon the payment of his claim, and was attempting to furnish such proof as the company required. Appellee was led to believe that by furnishing such proof as was asked, no other proof would be required. Under these circumstances, we must hold that, if the requirement of proof of injury was not substantially complied with, such compliance was waived, and that no prejudice resulted in the failure to submit this question to the jury. *National Masonic Accident Assn.* v. *Seed,* 95 Ill. App. Ct. Rep. 43; *Standard Life & Accident Ins. Co.* v. *Schmaltz,* 66 Ark. 588; 14 R. C. L. (Insurance), sections 517, 519, 520, and cases there cited.

Finding no prejudicial error, the judgment of the court below is affirmed.