ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY v. PACE.

Opinion delivered December 19, 1921.

RAILROADS—INJURY TO COLT—NEGLIGENCE.—An agreed statement to the effect that, after the defendant's engine had passed plaintiff's colt, the colt began running along the defendant's track close to the train, and continued to do so until it reached a gulch and was killed, and that the train crew saw the colt's danger and could have saved it by stopping the train, *held* to support a finding of negligence on the part of the defendant.

Appeal from Randolph Circuit Court; *J. B. Baker,* Judge; affirmed.

*W. F. Evans* and *W. J. Orr,* for appellant.
*Pope & Powers,* for appellee.

The statement of facts shows a *prima facie* case of negligence on the part of the defendant, and the burden is upon it to explain away that negligence. 37 Ark. 562; 33 Ark. 816; 42 Ark. 122; 39 Ark. 413; 54 Ark. 214; 57 Ark. 137; 104 Ark. 500; 104 Ark. 38; C. & M. Digest, secs. 8570 and 8574.

The judgment should be affirmed under section 2175 of C. & M. Digest.

HART, J. N. E. Pace sued the St. Louis-San Francisco Railway Company to recover the value of a colt alleged to have been killed on account of the negligent operation of one of the defendant's trains.

The case was tried before the court sitting as a jury upon an agreed statement of facts which is as follows:

"It is agreed that on the 1st day of November, 1920, the colt of N. E. Pace was on the right-of-way of the Frisco; that after the engine of the north-bound local on said day had passed said colt, the colt began running up the track close beside the train, and on account of its diminutive size it ran along under the side of the car. There was a wire fence on the right side of the right-of-way on which said colt was running. Said colt continued to run alongside of said train for a distance of about 300 yards. There was a trestle on the railroad over a deep gulch ahead of said colt. The train crew on said local saw said colt and knew that there was a trestle ahead of the said colt. Said train could have been stopped, and the colt could have been removed from the right-of-way. Just when said colt reached the gulch across the track, it seemed to stop suddenly and turn a little toward the train and then fell headlong into the gulch. Before it went into the gulch, it was within a few inches of the train. When the colt was reached, it was dead, and was immediately buried. Said colt was of the value of $100."

The court found in favor of the plaintiff, and from that judgment rendered the defendant has appealed.

In *Paragould Southeastern Ry. Co.* v. *Crunk,* 81 Ark. 35, the court held that while ordinary care does not generally require a train to be stopped in order to avoid injury to stock on the track, there may be facts which make it defendant's duty to stop to avoid an injury which would otherwise occur. That principle controls here. If the colt ran into the trestle to escape the approaching train negligently driven forward by the servants of the company, it was responsible for the killing of the colt by falling into the trestle.

On the evidence agreed upon, it was open to the court to find that the defendant's track was fenced, and that the colt was running along inside the right-of-way near the train towards a trestle over a deep gulch; that the colt was running along in apparent fright of the train toward the trestle, and that the train was being moved forward toward it and thereby caused the colt to continue its flight along the side of the track into the trestle.

Under the agreed statement of facts, the court might have found that under the surrounding circumstances there was such obvious danger of the colt running into the trestle as to impress upon the engineer the necessity of removing the cause of the colt's fright by stopping the pursuing engine.

It follows that the judgment must be affirmed.