MOSSON *v*. WOODMEN OF UNION.

Opinion delivered June 9, 1924.

1. INSURANCE—BENEFIT CERTIFICATE—RIGHT TO SUE.—In a suit by plaintiffs as heirs of their mother on a benefit certificate issued to her, in which defendant denied that plaintiffs were children of the insured, it was error to direct a verdict for the defendant where one of the plaintiffs testified that he was one of insured's children, though no evidence was introduced as to who the other children were.

2. INSURANCE—CONFLICTING PROVISIONS.—Where there is a conflict between the benefit certificate and the by-laws of a benefit society, in that the benefit certificate provides that assessments are payable on the first Monday in each month or thirty days thereafter, and the by-laws provide that they are payable within fifteen days after the first Monday in each month, the former will control.

3. INSURANCE—FORFEITURE—WAIVER.—Under the evidence *held* to be a question for the jury whether the defendant waived a forfeiture of a benefit certificate.

Appeal from Phillips Circuit Court; *E. D. Robertson*, Judge; reversed.

*Sheffield & Coates*, for appellant.

*W. G. Dinning*, for appellee.

McCULLOCH, C. J. Appellee is a fraternal benefit society collecting assessments and paying death benefits, and on June 15, 1917, it issued to Della Mosson (or Mason) a benefit certificate payable to her husband, Ben Mosson. Ben Mosson died in June, 1920, and Della Mos-

son died on July 20, 1922. This is an action instituted by the children and heirs at law of Della Mosson on the benefit certificate issued to her.

The first paragraph of appellee's answer contains a denial of the issuance of the benefit certificate, and also a denial, in general terms, that the plaintiffs are the children of Della Mosson. The language of the answer with respect to the relationship of appellants to Della Mosson is as follows: "They know nothing as to whether or not the plaintiffs are the children of Della Mosson, and therefore deny same." The second paragraph of the answer contains a denial of the allegations concerning notice and proof of death, and pleads a forfeiture by reason of failure to pay monthly assessments. There was a trial before a jury, but the court gave a peremptory instruction in favor of appellee.

Counsel for appellee defend the ruling of the court in giving the peremptory instruction, first, on the ground that the proof was insufficient to show that appellants were the children of Della Mosson or that they were entitled to recover under the benefit certificate or the by-laws of the order. P. H. Mosson, one of the appellants, testified that he was one of the children of Ben Mosson and Della Mosson. He was introduced to testify about the payment of assessments for his mother, and this testimony was drawn out as an introductory statement, and he was not asked who the other children were, either on direct examination or cross-examination. This was all the testimony introduced on the subject. This testimony was sufficient at least to show that P. H. Mosson himself was one of the children and entitled to sue according to the allegations of the complaint, and, as there was no other proof on the subject, the case should not have been taken from the jury on the ground of entire failure of proof.

Appellee did not, in its answer, or by demurrer or otherwise, raise the question below as to the legal capacity of appellants to sue, except that it denied that they were the children of Della Mosson. Appellants declared

upon the benefit certificate and asserted the right to recover thereunder, and the answer tendered no issue as to the legal capacity of appellants to sue if they were the children of Della Mosson.

The benefit certificate itself contained no provision concerning substitution of beneficiary or the devolution of the right in the event of the death of the named beneficiary, and the by-laws on this subject, if any, were not introduced. In fact, the record is entirely silent in that respect, which shows that the question of the right of. appellants to sue on the policy was not raised in any manner below. It is not proper therefore to determine the case here on that issue. If any such question should be raised on the remand of the case for a new trial, the following decisions of this court may be consulted: *Baker* v. *Mosaic Templars of America,* 135 Ark. 65; *Metropolitan Life Ins. Co.* v. *Fitzgerald,* 137 Ark. 330; *Mosaic Templars of America* v. *Hearon,* 153 Ark. 568; *Henry* v. *Knights & Daughters of Tabor,* 156 Ark. 165.

The benefit certificate recites that assessments were payable on the first Monday in each month, or thirty days thereafter. The by-laws introduced showed that assessments were payable within fifteen days after the first Monday in each month. There being a conflict between the provision in the benefit certificate and the by-laws, the former must control.

The forfeiture is claimed by appellee on the ground of nonpayment of assessments for February, March, April and May preceding the death of Della Mosson, and there is an issue in the case as to whether these assessments were paid in apt time and to the proper officer.

One Whitfield was the local officer, known as the financial secretary, and the by-laws introduced in evidence showed that he was to collect assessments and forward them to Webb, the supreme custodian, at Hot Springs. There is evidence also to the effect that the whole local lodge to which Della Mosson belonged (Rising Star Lodge No. 467), including Whitfield, the collecting officer, was suspended in January or February for non-

payment of assessments. P. H. Mosson testified that he paid each of the assessments for February, March, April and May to Whitfield, and he produced receipts. Whitfield also testified that the assessments were paid to him and that he gave the receipts, but stated that he accepted the payments conditional upon the furnishing of a health certificate so as to procure a reinstatement of the policy, and that he did not forward the funds to Webb, the supreme custodian, on that account. According to the testimony adduced, P. H. Mosson, on July 12, 1922, forwarded to Webb, the supreme custodian, at Hot Springs, a remittance of two dollars by money order to pay the assessments for June and July. The remittance was made in the name of Della Mosson, and Webb replied in a letter dated July 18, 1922, as follows:

" * * * Your last assessment paid February 27, 1922, and I cannot give you credit for the amount you sent until I can hear from you. I am asking that you send your receipts for February, March, April and May, and if you are holding these receipts, I will give you credit in this office for same, but it is necessary that you have some proof of paying your assessments, and we will give you credit and then straighten the matter with the financial secretary. I am holding the amount until I can hear from you, and if you send proof I will credit the $2 for June and July, otherwise you will have to pay all back assessments and send same, with medical statement. This is favoring you, as members have to renew when three months behind, but, since there is some misunderstanding about your assessment, you will be allowed to pay all back dues."

Webb's letter was addressed to Della Mosson, and was received at her home on the day she died, and, two days later, P. H. Mosson, one of the appellants, forwarded to Webb the receipts for the payments made to Whitfield, and also gave notice of the death of Della Mosson. Appellant then denied liability on the ground that the assessments had not been paid in time or to the proper person.

Webb was a general officer of appellee, and there could be a waiver of forfeiture by his acts. His letter distinctly recognized the authority of the financial secretary to collect assessments, and he retained the amount sent to cover the June and July assessments and agreed to credit the same, thereby keeping the policy alive if the receipts for the February, March, April and May assessments were sent in so as to show payment of those assessments. This condition was performed by sending in the receipts, and we think that the acceptance and retention of the money sent in constituted a waiver of the prior forfeiture if the preceding payments were made to Whitfield within the time required by the contract. If, as testified by Whitfield, the payments were accepted by him merely for the purpose of reinstating the suspended member on furnishing a health certificate, and were accepted out of time as monthly assessments, the production of the receipts would not be a performance of the condition stated in Webb's letter to Della Mosson, and would therefore be no waiver of the forfeiture. But if the payments were made in apt time to Whitfield, the production of the receipts as called for in Webb's letter would estop appellee to claim a forfeiture. This issue should have gone to the jury, and we are of the opinion that the court erred in giving a peremptory instruction.

The judgment is therefore reversed, and the cause remanded for a new trial.