MISSOURI PACIFIC RAILROAD COMPANY *v.* FOLTZ.

Opinion delivered December 15, 1930.

*Thomas B. Pryor* and *Daggett & Daggett,* for appellant.

*Giles Dearing,* for appellee.

BUTLER, J. This is a suit for damages for killing a dog by the operation of appellant's train. It is conceded by appellant that "under the testimony adduced

on the part of the plaintiff and that admitted in evidence by stipulation of counsel on the part of the defendant, a question of fact was presented for the determination of the jury.'' There are but two assignments of error which are here pressed for reversal of the case.

1. During the progress of the trial one of the witnesses was asked if the whistle or bell of the train sounded and he answered, ''No.'' To this testimony the defendant objected on the ground that the complaint did not allege negligence in that respect. The objection being overruled, the defendant asked for a continuance alleging surprise, and also for the purpose of enabling the engineer and fireman operating the train to attend as witnesses. This assignment cannot be sustained because in the stipulation of counsel the statement is made that ''the engineer did not have time to sound the whistle after the peril of the dog was discovered, and that, even if he had attempted to do so, the dog would have been struck and killed before he could have sounded the whistle.'' This statement was admitted as part of the testimony of the engineer and fireman, so the appellant could not have been surprised at the statement of the witness which it had itself admitted as true.

2. The other alleged error is that on the part of the court in giving to the jury instructions Nos. 2 and 5. Instruction No. 2 warranted the jury in returning a verdict in favor of the plaintiff in the event it was found that the dog was struck and killed by the operation of a train ''unless you find from the proof in the case that the defendant, through its employees, exercised ordinary care and prudence to prevent the killing of the dog—to avoid it.'' That part of instruction No. 5 complained of is as follows: ''The killing of the dog being proved, the presumption of negligence arises, but this presumption is not conclusive and may be overcome by evidence to the contrary.'' Appellant specifically objected to the giving of instruction No. 2 on the ground that under it ''the killing of the dog results in a *prima facie* case so as to cast the burden of proof upon the defendant to prove that

the dog was not negligently killed, and to release the plaintiff from the burden of proving that the dog was negligently killed.'' To the giving of instruction No. 5 appellant specifically objected, for the reason ''that such presumption when so arising places the burden of proof upon the defendant and releases the plaintiff from proving that the killing of the dog was due to the negligence of defendant, its agents, servants and employees.'' It is argued here that the instructions as given gave to the statutory presumption of negligence the effect of evidence to be weighed against opposing testimony, and to prevail unless there is a preponderance of opposing testimony. Appellant urges that these instructions place such a construction on our statute, § 8562 of the Digest, and that this is violative of the due process clause of Amendment No. 14 to the Constitution of the United States, and cites in support of this contention the case of *Western & Atl. Ry. Co.* v. *Henderson,* 279 U. S. 639, 49 S. Ct. 445.

These instructions are not open to the criticism urged, their effect being merely to advise the jury that the fact alone of a showing that the injury was occasioned by the operation of a train would be sufficient to warrant a finding that the appellant was liable for resulting damages, in the absence of any evidence tending to show ordinary care. The act of February 3, 1875 (now § 8562 of the Digest), providing that ''all railroads which are now, or may be hereafter, built and operated in whole or in part in this State shall be responsible for all damage to persons and property done or caused by the running of trains in this State'' was early construed by this court in the case of *L. R. & F. S. Ry. Co.* v. *Payne,* 33 Ark. 816, where the following rule was laid down: ''The true construction of the act in question is that, the killing being shown or confessed, the presumption is that it was done by the train, and that it resulted from want of due care. At common law the *onus* of proving these facts was on the plaintiff. The statute shifts the burden to the defendant, but does not preclude the company

from showing that such due care was exercised in pursuit of its lawful business as to absolve it from liability.'' This rule has since been adhered to and was recently reaffirmed in the case of *St. L. S. F. R. Co.* v. *Cole,* 181 Ark. 870, 27 S. W. (2d) 992, where it is said: '',When the evidence shows that an injury was caused by the operation of a train, the presumption is that the company operating the train is guilty of negligence, and the burden is upon such company to prove that it was not guilty of negligence.'' The effect of our statute, as above construed, is to make proof of the injury by operation of the train *prima facie* evidence of want of ordinary care on the part of the operatives in charge of the train, which would warrant a finding against it for damages resulting from the injury on its failure to produce any evidence tending to establish the exercise of ordinary care on the part of its servants. That is all that the instructions complained of do. It must be recognized that in the hurry of the proceedings in the trial court there is frequently not sufficient opportunity for a precise declaration of the law in exact legal terms. These declarations are often drawn in homely phrases so as to be understood by the jury, who are usually men unacquainted with the language of the law. In this case, if the appellant was of the opinion that the instructions complained of did not clearly declare the law, it should have pointed out in what particulars they were dubious. Instead, the appellant rested its objection on a contention which in our opinion was unwarranted. No fair interpretation of these instructions supports the contention of the appellant that the court meant to say or that the jury would understand that the presumption mentioned should be weighed as evidence against the testimony showing the exercise of due care, but only in the absence of any evidence the law imputed negligence to the appellant. This is the more apparent when these instructions are read in connection with instruction No. 3: ''You are further told that the railroad company, through its employees, was required to use only ordinary care and prudence to

protect this dog after it discovered its peril, and if you find they complied with this duty, it would be your duty to return a verdict for the defendant."

Therefore, if the engineer and fireman only had witnessed the occurrence and had testified to a state of facts establishing ordinary care on their part, and there were no circumstances which might negative such testimony, then there could have been no finding of negligence, and the presumption would have disappeared, as we have frequently held. Since it is admitted that the evidence is legally sufficient to sustain the verdict, and as no error appears, the judgment of the trial court is affirmed.