Missouri Pacific Railroad Company *v.* Johnson.

4-2812

Opinion delivered January 30, 1933.

*Harvey G. Combs, Thos. B. Pryor* and *H. L. Ponder,* for appellant.

*Ward & Ward,* for appellee.

McHaney, J. Appellee brought this action against appellant to recover damages for the killing of one horse and injury done to another, by the operation of a train, in the total sum of $120, being $100 for the horse killed and $20 for the horse injured. He prayed for double damages and attorney's fees under the statute. Appellant defended on the grounds that it was not guilty of any negligence in the killing and injury of said stock, and that the horses ran upon the track in such close proximity to the train that it was impossible for the operatives to stop the train in time to avoid injuring them. The case was submitted to a jury, and the following verdict was returned: "We, the jury, find for the plaintiff, E. C. Johnson, against the defendant, in the sum of $100." Appellee requested the court to render judgment on the verdict in the sum of $200 and a reasonable attorney's fee, which the court declined to do, but entered a judgment for $100, in accordance with the verdict. There is an appeal by the railroad company and a cross-appeal by appellee.

The first and principal assignment of error urged by appellant is that the court erred in refusing to direct a verdict in its favor at its request. We do not agree with appellant in this contention. The facts, briefly stated, are as follows: The train was running south through Piggott, Arkansas, at a slow rate of speed. The horses were on the track between a quarter and one-half mile north of the depot in the town of Piggott. The stock alarm was given by the operatives, when the horses began running down the tracks. They continued to run down the tracks, past the depot and onto a trestle some two or three hundred yards south of the depot where one of them was killed and the other slightly injured. The one killed failed to get across the trestle because his hind feet fell through the trestle and the train ran against it and killed it. The other got across but was injured by being struck by the train. The train came to a stop with the engine a short distance south of the trestle. Several eyewitnesses, other than the engineer and fireman, testified as to how the accident happened, but the substance of the testimony is that the horses ran down the tracks, then off to the side of the tracks, then back on the tracks, always ahead of the train, and would probably have escaped had they not tried to cross the trestle. For a distance of approximately a one-half mile therefore these animals were running along and by the side of the tracks, in a dangerous position, to the knowledge of the engineer and fireman, who were giving the stock signals all the time.

They therefore had plenty of time to stop the train. or to have had it under such control as to be able to stop it, without doing injury to the stock. They knew that the trestle was ahead, and that, if the horses attempted to cross same they would likely be injured. In *Paragould Southeastern Ry. Co.* v. *Crunk,* 81 Ark. 35, 98 S. W. 682, which was a case where a horse was injured in a trestle by being frightened by the approaching train and running into the trestle, a similar contention was made as in this case. There the court quoted from *Railroad Co.* v. *Ferguson,* 57 Ark. 18, 20 S. W. 545, 18 L. R. A. 110, 38

Am. St. Rep. 217, that "appellant did owe the appellee the duty, when it discovered its colt upon its track, to use ordinary or reasonable care to avoid injury to it by running its train against it, or by frightening and driving it by unnecessary alarms against the wire fence," and said: "Generally speaking, ordinary or reasonable care does not require a train to be stopped in order to avoid injury to stock on the track; but there may be facts which make the stoppage only ordinary care to avoid the injury which would otherwise occur, and there were sufficient facts in this case to send that question to the jury." So here these colts, according to one witness, never did get off the track, but, according to others, they were off and on several times before attempting to cross the trestle, and we are of the opinion that it was a question for the jury as to whether the operatives exercised ordinary care to prevent injurying them.

Complaint is also made by appellant of the refusal of the court to give two instructions requested by it, Nos. 2 and 3. We think these instructions were properly refused, and, in so far as they were correct, were fully covered by other instructions given by the court on its own motion.

On the cross-appeal of appellee, but little need be said, as the court correctly declined to enter judgment for double damages as provided under certain conditions defined in § 8563, Crawford & Moses' Digest. The proviso to that section relating to double damages reads as follows: "And provided further that, if the owner of such stock killed or wounded shall bring suit against such railroad after the thirty days have expired, and the jury trying such cause shall give such owner a less amount of damage than he sues for, then such owner shall recover only the amount given him by said jury and not be entitled to recover any attorney's fees."

Here appellant made demand for $120 for both animals and prayed double damages in the sum of $240 and attorney's fees. The jury returned a verdict for $100, without stating whether it was for the value of the horse

killed or the value of the horse killed plus damages for the horse injured. We are unable to say that the verdict related to the dead horse only, but, in any event, appellee failed to recover the amount sued for, so, under the plain provisions of the statute, he was not entitled to recover double damages or attorney's fees.

The judgment will be affirmed both on the appeal and cross-appeal.