ILLINOIS BANKERS' LIFE ASSURANCE CO. *v.* LANE.

4-3470

Opinion delivered May 14, 1934.

*Huie & Huie,* for appellants.

*J. H. Lookadoo,* for appellee.

McHANEY, J. Ezra C. Lane, now deceased, husband and father of the appellees, on March 1, 1917, took out an insurance certificate or policy with appellant, Illinois Bankers' Life Association, a mutual assessment company, for $1,000. The other appellant, in 1929, reinsured the business of the association, and, if liability exists on this policy, is indebted to appellees in said sum. Premiums were payable quarterly in advance with thirty days of grace. All premiums were paid prior to that which became due October 1, 1932, but it was not paid within the grace period or at all, and, by the terms of the policy, it lapsed and became void, but for the matters hereinafter set out.

The policy contained in § 9 a disability provision that: "Upon receipt of satisfactory proof to the Association that the insured has been totally and permanently disabled by accident * * * and will be thereby continuously prevented for life from doing labor, or the prosecution of any kind of business, then the association will pay, upon due and sufficient proof, one-half of the face of this policy, and the remainder to the beneficiary at the death of the insured, the policy having been continued in force." Section 10 reads as follows: "Proof of Death or Disability.—Proof of death or disability of the insured must be furnished the association at its home office upon forms furnished by the association within six months after the death of the insured or the commencement of the total and permanent disability. No action at law or in equity shall be maintained on any policy of insurance issued by this association or recovery had un-

less such proof be so filed or unless the action be commenced within one year after the death of the insured.''

The insured died February 25, 1933. To excuse the failure to pay said premium due October 1, 1932, appellees alleged and proved, to the satisfaction of the trial court, that in August, 1932, the insured, who had for five or six years suffered from a shin ulcer on his right leg, ran into some barbed wire which re-injured the old sore on his right leg and also injured his left leg, from which he became totally and permanently disabled; that on September 14, 1932, the daughter, Mrs. Huggs, wrote and mailed to appellant a letter, of which the following is a copy kept by her:

''Arkadelphia, Arkansas, September 14, 1932.

''Illinois Bankers' Life Assurance Co., Monmouth, Illinois.

''Gentlemen: I am writing you in regards to Ezra C. Lane, who holds policy No. 73137. He was injured on or about the 11th day of August, 1932, when he was driving up some calves and ran into some barb wire and hurt his legs, and has not been able to work to amount to anything since, and the doctors say he will never be able to work. So I want you to mail to me at once the form for Ezra C. Lane to fill out making his proof according to policy.

''Yours truly, Mrs. Hila M. Huggs.''

She received no reply to that letter and appellants say it was never received, and that the first they ever heard of a disability claim was when this suit was filed. On February 24, 1933, the day before her father's death, Mrs. Huggs wrote appellant the following letter: ''Times has been so hard with us that we neglected to pay my father's (E. C. Lane) dues, and now that we have work, would like to take them up. Please let me know what I can do about them.'' This letter was answered by appellant on March 1, advising that the policy had lapsed on October 1, 1932, and that it could be reinstated by payment of back premiums and furnishing proof of insurability. Suit was filed on April 17, 1933. Trial resulted

in a decree for appellees for the amount sued for, with penalty and attorney's fees.

For a reversal it is first urged that total and permanent disability was not shown by a preponderance of the evidence. Appellants seem to concede that, if the insured became totally and permanently disabled within the provision of the policy before October 1, 1932, and gave notice thereof, then the failure to pay the premium due October 1 ($4.38) would not justify it in lapsing the policy, because it held in its hands at that time $500 belonging to the insured. As to the disability, we think the evidence sufficient to support the court's finding. It is undisputed that the insured had suffered from a chronic sore leg for five or six years; that the old sore had practically healed; that on August 11, 1932, he injured both legs by accidentally coming in contact with barbed wire; that his legs became very bad thereafter, his physician saying that he was permanently disabled thereby. It is true he continued to perform the duties of night watchman at a sawmill until October 14, when he was apparently discharged for going to sleep while on watch, and that some of his neighbors did not know of his condition, but this does not conclusively negative total and permanent disability. We cannot say the court's finding in this respect is against the preponderance of the evidence.

It is next argued that, even though the insured became disabled, still appellees cannot recover because no notice and no proof thereof were furnished appellants. Mrs. Huggs testified very positively that she wrote the letter of September 14, 1932, asking for forms to make the proof, and that she wrote a second time later, but received no answer. The assistant secretary of appellant testified that said letters were not received. The policy required proofs to be made on forms furnished by the company, and if in fact, as the court found, appellee did notify it of the disability and asked for forms which it failed or refused to furnish, it is in no position to complain because no proofs were made. As said by this court in *Eminent Household of Columbian Woodmen* v. *Gaunt,* 128 Ark. 626, 194 S. W. 700: "The company had the right to require formal proof on blanks to

be furnished for that purpose, but it was the duty of the company to furnish the blanks, and it did not do so. This formal proof could have been furnished only on the blanks of the company, and, as it did not furnish them for that purpose, it can not now complain of its own omission to demand a form of proof which it could have secured only by doing something which it failed to do.'' While there is some doubt that any notice of disability was ever given, we are unwilling to say that the finding of the court is against the weight of the evidence, even though the letter of February 24 failed to mention the fact that the former letter had not been answered.

It is next urged that there should have been an administrator of the insured's estate, and that he was a necessary party. We think not. It is not shown that there are any debts. The complaint alleged that appellees are the sole heirs at law. There was no proof that such is the fact, but it is shown that Della Lane is the widow and that Mrs. Huggs is the daughter of the insured. As such, they had the right to maintain this action. Section 1, Crawford & Moses' Digest; *Masson v. Woodmen of Union*, 164 Ark. 568, 262 S. W. 648; *Metropolitan Life Insurance Company v. Fitzgerald*, 137 Ark. 366, 209 S. W. 77.

Other contentions are that the decree should have designated the amount each was entitled to, and that no penalty and attorney's fee should have been allowed. The first was not raised in the court below. Appellees recovered the full amount sued for, so the penalty and fee were properly allowed.

Affirmed.