MISSOURI PACIFIC RAILROAD COMPANY, L. W. BALDWIN ET AL., TRUSTEES, *v.* MOBLEY.

4-4217

Opinion delivered March 9, 1936.

*R. E. Wiley* and *Richard M. Ryan*, for appellants.
*J. W. Westbrook*, for appellee.

BUTLER, J. The appeal in this case is to reverse a judgment for $110 for the killing of appellee's mare by the operation of a train at a public crossing in Traskwood, a village on the Missouri Pacific Railway. At this point the railroad runs north and south, and a wagon road crosses it at right angles from east to west. The

appellee contends that his mare was killed because of the failure of the servants of appellant company to give the statutory signals and to keep a proper lookout for persons and property on or near the railroad tracks. The killing of the mare was admitted, but the action was defended on the ground that the accident was unavoidable.

The contentions for reversal are that incompetent testimony was admitted relative to the value of the mare, that certain instructions given were incorrect declarations of law, and that the undisputed evidence established the defense set up by appellant in its answer. The testimony complained of is that given by certain witnesses who were permitted to testify as to the value of the animal killed without qualifying as to their knowledge of the market value of horses at the time and place of the accident. These witnesses placed the value from $100 to $125, and described the animal killed, stating that it weighed from 1,000 to 1,100 pounds, was about seven years old and a good work animal. They gave it as their opinion that an animal of that character was worth the sums mentioned. Other witnesses testified that they knew the value of such animals and what they were selling for, and placed the value around $125. We must indulge the presumption that the jury was comprised of men of ordinary information, and its verdict for $110 demonstrates that no prejudice could have resulted from the introduction of the testimony complained of. The verdict was not excessive, and the competent evidence would have justified a larger amount.

We have examined the instructions complained of in connection with others given at the request of the appellants. We have also examined the instructions requested by the appellants which were refused, and conclude that no prejudicial error was committed by the trial court in the giving or refusal of instructions. The instructions are in effect similar to those given in the case of *Mo. Pac. Ry. Co.* v. *Foltz*, 182 Ark. 941, 33 S. W. (2d) 51, where the same objections were made as are made to the instructions in the case at bar. In that case, we said: "The effect of our statute (§ 8562, Crawford

& Moses' Digest) * * * is to make proof of the injury by operation of the train *prima facie* evidence of want of ordinary care on the part of the operatives in charge of the train, which would warrant a finding against it for damages resulting from the injury on its failure to produce any evidence tending to establish the exercise of ordinary care on the part of its servants. That is all that the instructions complained of do. * * * No fair interpretation of these instructions supports the contention of the appellant that the court meant to say or that the jury would understand that the presumption mentioned should be weighed as evidence against the testimony showing the exercise of due care, but only in the absence of any evidence the law imputed negligence to the appellant.''

The appellee's mare was killed by a moving train. Therefore, under the statute, *supra,* the burden rested upon the appellants to establish a compliance with the requirement as to the giving of signals and the keeping of a proper lookout, and that they were in the exercise of ordinary care at the time of the accident. *Missouri Pac. Rd. Co.* v. *Mitchell,* 170 Ark. 689, 280 S. W. 627; *St. Louis-San Francisco R. Co.* v. *Cole,* 181 Ark. 780, 27 S. W. (2d) 992. The instructions given which were complained of declared this rule, and fairly submitted to the jury the contentions of the respective parties.

The principal contention is based upon the refusal of the trial court to instruct the jury to return a verdict in favor of the appellants. Those who operated the locomotive at the time of the accident testified that the required signals of blowing the whistle and ringing the bell had been given as the train approached Traskwood, and were continued until the time the animal was struck. They also testified that they were keeping a constant lookout, and did not see the animal in time to avoid injuring it, even had they exercised the greatest effort to check or stop the train. It is upon this testimony that appellants ground their request for an instructed verdict, contending that there was no evidence which disputed that given by the engineer and fireman.

Just south of the crossing and a short distance therefrom on the east and west side of the railroad were

two little stores where a number of men were gathered who witnessed the accident. Some of these testified that, as the train approached the crossing going south, two horses approached the track along the wagon road about ten or fifteen feet apart, walking at an ordinary gait. The first horse passed the crossing in safety, and the one behind which belonged to the appellee had almost crossed when two or three sharp blasts were made by the whistle of the locomotive. This evidently alarmed the animal so that instead of continuing across the track it turned toward the south and was almost immediately run over and killed. There is a curve in the railroad track to the north of the crossing and an embankment on the west side of the track extending north for about a quarter of a mile. The evidence as to the distance north to the point of the curve is in dispute, the appellants contending that it is about 750 feet, and witnesses for appellee testifying that standing on the track at the crossing they could see to the north up the track a quarter of a mile. West of the railroad the wagon road passes along a "cut" and emerges from it before reaching the railroad track. Just how deep this cut is at any point or where, with reference to the right-of-way, it ceases does not appear. The engineer testified that when he first saw the animal it was between fifty and seventy-five feet away, and that there was nothing he could have done to check the speed of the train sufficiently to avoid the accident, but neither the engineer nor the fireman testified that the curve or embankment on the west side of the track would have prevented their seeing the animal as it approached from the west, and the fireman admitted that he could see ahead "'way down the track." The horses were approaching the track from the engineer's side of the train, and we think that his failure to testify that he could not have seen them as they approached is a circumstance tending to rebut his testimony that he was keeping a constant and efficient lookout ahead. It was the duty of the engineer and fireman to keep a lookout on the right-of-way as well as on the track ahead so as to enable them to see objects near, or approaching, the track. *Missouri Pac. Rd. Co.* v. *Green,* 177 Ark. 217, 6

S. W. (2d) 26; *C. R. I. & P. Ry. Co.* v. *Stiles,* 161 Ark. 155, 255 S. W. 559.

In the case of *St. Louis-San Francisco Ry. Co.* v. *Cole, supra,* relied on by the appellants, the facts were that a wagon and mules approached the railroad track from the fireman's side of the locomotive. He presumed they were in charge of a driver. There was intervening obstruction which prevented his discovery that a driver was not in charge, and after he made this discovery he immediately notified the engineer. The engineer, however, was unable to check the train in time to prevent striking the animals. The jury returned a verdict in favor of the railroad company, and this court held that the above was substantial evidence to support the verdict. The Cole case is dissimilar to the instant case and does not control.

In *Barnes* v. *Mo. Pac. Ry. Co.,* 158 Ark. 640, 251 S. W. 675, relied on by appellants, (not officially reported), a dog was killed by the operation of a train as it approached a station. Both the engineer and fireman were keeping a lookout and did not see the dog which "evidently ran suddenly upon the track from his master's residence when the train approached the station. The testimony of the engineer and of the witness who saw the train hit the dog overcomes the *prima facie* case of negligence made by showing that the dog was killed by a running train." Thus, it will be seen that this case has no application to the facts of the instant case.

As there is substantial evidence to support the verdict, and no error appears, the judgment of the trial court is affirmed.