Missouri Pacific Railroad Company et al. *v.* J. W. Myers Commission Company.

4-5173                                        120 S. W. 2d 693.

Opinion delivered October 24, 1938.

*Thomas B. Pryor* and *W. L. Curtis,* for appellant.
*Clyman E. Izard* and *R. S. Wilson,* for appellee.

DONHAM, J.  The appellee commenced this action in the Crawford circuit court March 3, 1937, alleging that on June 8, 1936, it delivered to appellant at Van Buren 645 bushels of green beans, same being then and there the property of appellee, and that same were in first class prime merchantable condition; that same were loaded into one of appellant's refrigerator cars, and bill of lading issued to transport said shipment to Kansas City; that thereafter on the 10th day of June, 1936, appellee issued a request for the diversion of said beans from Kansas City to G. A. Marsh Company at St. Louis; and

that in compliance with said request the shipment was so diverted and exchange bill of lading issued therefor.

It is further alleged that appellant allowed said beans, while in its possession, to rot, decay and otherwise deteriorate, thereby depreciating the value of same, to appellee's damage in the sum of $277.85.

It is further alleged that, if the beans had arrived in St. Louis in first-class condition on June 11, same would have brought the prevailing market price at that place of $1.25 per bushel, or the gross amount of $806.25, and that after deducting $216.56 covering the freight, the plaintiff would have received $589.69, but that because of the depreciated condition of the beans, and the price at which the consignee was able to sell them, the plaintiff only received $311.84.

To this complaint, appellant filed an answer setting up a general denial of all the material allegations of the complaint.

The appellant in paragraph 2 of its answer pleaded subdivision "B" of section 1 of the bill of lading as a defense. This subdivision of said section provides: "No carrier . . . shall be liable for any loss or damage occurring (on account) of the act or default of the shipper or owner, or for natural shrinkage, or resulting from a defect or vice in the property."

Then follows an allegation in the answer that the shipment of beans because of which this suit originated, if depreciated upon reaching destination, as alleged by appellee, such depreciation was the result of the inherent condition of the beans when gathered from the field, and from the fact that they were gathered following heavy rains and loaded into a car which had not been pre-iced, all of which was pleaded as a special defense to appellee's alleged right to recover.

The case was submitted to a jury upon evidence introduced by both parties, and a verdict was returned for appellee in the sum of $277.85. Judgment was rendered upon this verdict, from which judgment is this appeal.

It would serve no useful purpose to set out the evidence of the several witnesses. We find that there was substantial evidence to sustain the allegations of the

complaint. Appellee submitted evidence to the effect that the defective condition of the beans on arrival in St. Louis was due to a failure to maintain standard refrigeration in the car in which the beans were shipped, and a failure on the part of the appellant to comply with orders conforming to the requirements of the United States Department of Agriculture in the handling of such shipments.

The principal question raised by appellant on this appeal is included within the sixth assignment of error contained in the motion for new trial, this assignment of error being that the verdict of the jury is excessive. Appellant insists that the verdict is excessive in that the jury failed to take into consideration inspection fees and commissions paid for handling the shipment after it arrived at its destination. However, appellee asked, and the court gave instruction No. 4 as follows:

"You are instructed that, if you find for the plaintiff, his measure of damage should be the difference between the market value of the green beans at destination in their damaged condition, and what their market value at destination would have been, if they had arrived in good condition."

There was an objection by appellant to this instruction. However, this objection was not brought forward in the motion for new trial. The jury assessed the damages in exact accord with this instruction. The question now is, can appellant object that the verdict is excessive, since there was only a general objection to this instruction and even this objection was not brought forward in the motion for new trial? If, at the trial, appellant had desired that certain items of expense should be taken into consideration by the jury in determining the amount of the verdict, should it not have objected to the instruction on this ground? We believe that these specific items should have been specially called to the attention of the court and a request made for a modification of the instruction, so as to permit the jury to consider them. Then, if the jury had found against the appellant's contention, in order to preserve the exception it should have brought same forward in the motion for new trial.

If appellant at the trial did not see fit to request a modification of appellee's instruction No. 4 so as to require the jury to take into consideration the items of expense which it now contends should have been considered, then it should have requested an instruction on its own behalf requiring the jury to take into consideration these items of expense. Not having made a request for a modification of the instruction and not having requested an instruction of its own requiring the jury to take into consideration these items of expense, and not having brought forward into the motion for new trial its general objection and exception to the instruction, we do not believe appellant is in a position to contend that the verdict and the judgment of the court based thereon are excessive. *Drake* v. *Pope,* 78 Ark. 327, 95 S. W. 774; *H. Rouw Co.* v. *Amer. Ry. Exp. Co.,* 173 Ark. 84, 291 S. W. 1001; *Mo. P. Ry. Co.* v. *Foltz,* 182 Ark. 941, 33 S. W. 2d 51; *St. Louis-San Francisco Ry. Co.* v. *Fine,* 184 Ark. 940, 44 S. W. 2d 340, Id., 286 U. S. 552, 52 S. Ct. 502, 76 L. Ed. 1287.

This court has frequently held that no issue can be raised in this court which was not raised in the trial court; and since appellant's present contention was not raised in the trial court, as we have herein pointed out, we believe the relief it is now asking on appeal should be denied. *Bolen* v. *Farmers' Bonded Warehouse,* 172 Ark. 975, 291 S. W. 62; *Leonard* v. *Luther,* 185 Ark. 572, 48 S. W. 2d 242; *Banks* v. *Corning Bank & Trust Co.,* 188 Ark. 841, 68 S. W. 2d 452, Id. 292 U. S. 653, 54 S. Ct. 863, 78 L. Ed. 1502; *Illinois Bankers' Life Assurance Co.* v. *Lane,* 189 Ark. 261, 71 S. W. 2d 189.

We believe there is another reason why appellant is not entitled to the relief which it is now seeking on appeal. As we view the record, there was no evidence that the items of expense which appellant now claims the jury should have considered would have been incurred if the beans had arrived at destination in proper condition. It would not be proper for the appellant to be heard to complain that the jury did not consider these items of expense if same were incurred in the sale of the shipment in job lots, but would not have been incurred had the shipment

arrived in sound condition so that it would not have been necessary to sell the beans in job lots. In other words, if these expenses were incurred in disposing of the beans to best advantage after their arrival in a damaged condition and only because of such arrival in a damaged condition, if the record is silent as to whether such expenses would have been incurred had the beans arrived in good condition, then the record made no issue with reference to these items of expense which should have been submitted to the jury.

Since there was ample evidence to sustain the contention of appellee that proper refrigeration was not maintained and that because thereof the beans arrived in a heated and damaged condition resulting in a rejection of the shipment and a loss to appellee, and since no sufficient objection to raise the present contention of appellant was made to the trial court's giving appellee's instruction No. 4, and since no objection or exception to the giving of this instruction was brought forward in the motion for new trial, it is our view that the judgment should be affirmed. Certainly, if we are correct in our view that there is no evidence in the record sufficient to raise the present contention of appellant, the judgment should be affirmed. Finding no error in the record, the judgment is affirmed.