Michael D. FAUGHT *v.* LIGON SPECIALIZED
HAULER, INC. and James S. BRADLEY

81-82                                    619 S.W. 2d 627

Supreme Court of Arkansas
Opinion delivered July 6, 1981

*Thompson, O'Brien & Martin*, by: *Howard L. Martin*, for appellant.

*Wright, Lindsey & Jennings*, for appellees.

RICHARD B. ADKISSON, Chief Justice. This appeal is from a judgment in the amount of $2,600 for damages sustained by appellant Faught which he received when appellee Bradley, a driver for appellee Ligon Specialized Hauler, Inc., negligently caused a load of lumber to slip off his truck and crash into the appellant's automobile. The $2,600 judgment represents a $2,500 jury award for personal

injury damage and a $100 award, as agreed, for property damage.

Appellant first argues that the appellee unnecessarily brought the subject of insurance to the attention of the jury by asking appellant if he had made a collision claim against his insurance carrier involving an unrelated accident which occurred several months after the accident in issue. We are unable to reach the issue of whether or not this question was prejudicial within the context in which it was asked because the appellant neither requested that the jury be instructed to disregard the question nor asked for a mistrial. Under such circumstances, alleged prejudicial error is not preserved for purposes of appeal by merely making an objection since counsel did not make known to the court the action which he desired the court to take. Rule 46, Ark. Rules Civ. Proc., Vol. 3A (Repl. 1979).

The appellant next argues for reversal that the court improperly instructed the jury regarding the measure of property damages and that a release given by the appellant's insurance carrier in favor of the appellees was not pleaded as an affirmative defense. These issues are not preserved for consideration by this Court since the record clearly indicates that the appellant agreed and stipulated that the issue of property damage would not be submitted to the jury but, instead, that $100 would be added to any judgment in favor of appellant for all property damage sustained to his automobile.

Further, when the court modified appellant's requested instruction on the measure of property damages he made no objections as required by Arkansas law. *Missouri Pacific Railroad Co. v. J. W. Myers*, 196 Ark. 976, 120 S.W. 2d 693 (1938); Rule 51, Ark. Rules Civ. Proc., Vol. 3A (Repl. 1974).

Affirmed.